COLEY Ross, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

1. Cooling time for the prisoner to recover from heat of passion, is a question for the jury, and not for the court.

2. Provocation by words and menaces alone, will not reduce homicide from murder to manslaughter.

3. It is error for the court to charge the jury to the effect that if they believe the facts detailed by the witnesses, and that the person assaulted had died, "that would ·have made ; the crime murder; then,· death not having ensued, the crime is an assault with intent to murder." It amounts to a strong expression of opinion on the facts by the court, and is prohibited in express language by the statute.

4. Where the charge excepted to, as presented in the record, contains no punctuation marks, it seems that this court will pass upon it precisely as it stands, and will not supply, in construing it, such marks.—(R.)

5. The statement of the prisoner is not evidence, but is only entitled to such weight as the jury see fit to give it.

Criminal law. Charge of court. Evidence. Before Judge. HILL. Crawford Superior Court. March Term, 1877.

Reported in the opinion.

BACON & RUTHERFORD, for plaintiff in error.

C. L. BARTLETT, solicitor general, for the state.

JACKSON, Judge.

The defendant was indicted and found guilty of an assault with intent to murder Henry Conyers. They had a difficulty the night before, when Conyers·first slapped Ross, and then, on Ross slapping him back, cursed him and threatened to cut his d——d heart out of him. On the occasion of the stabbing, the next day, nobody but the two were present, and, if Conyers was believed by the jury, the case is a clear one for the state; but, about the difficulty of the previous night, Conyers is contradicted in some particulars by others who were present, and the statement of the prisoner as to that difficulty rather corroborated. The defendant was sentenced to eight years in the penitentiary; he moved for a new trial, on various grounds; the motion was overruled, and he excepted.

1. The court charged the jury to the effect that the in-

terval of the night was time enough for passion to cool and reason to resume its sway; and error is assigned that cooling time is for the jury, not the court, to decide.

The law fixes no certain time, and, therefore, it is perhaps better that the jury be left free in each case to decide for themselves whether passion had time to cool and reason to resume its sway. And such seems to be the current of authority. Wharton on Homicide, § 449, and cases cited. It is rather a question of fact, and of the judgment of men upon the facts, than of law; and as no certain time is fixed by law, the judge had better leave it to the jury, under the general principle laid down in the Code. Code, §4325.

2. The Code is clear that provocation by mere words and menaces will not reduce a homicide from murder to manslaughter, and the court was right so to charge. Take the testimony altogether, and we think there was enough to authorize the charge, and that no injustice was done to the prisoner thereby.

3. 4. The record, however, makes the court take the case away from the jury and decide it himself, if the charge be construed as the plaintiff in error insists that it was intended, and as it might have affected the jury. It is in these words: " If you believe from the testimony that he committed the assault under circumstance as detailed by the witnesses that would have made the crime murder (if death had ensued) then death not having ensued the crime is an assault with intent to murder." There are no punctuation marks in the record of this charge, and, as it stands, it bears the construction, (and such seems to be the meaning of it,) that if the jury believe the circumstances detailed, and Conyers had died, the case was murder; and Conyers not dying, the crime is assault with intent to murder. If the jury so thought that the judge meant, it is clear that the prisoner was wronged in the charge; for it is for the jury to say whether the facts, as detailed, would have made a case of murder if Conyers had died, and of assault with intent to murder as he lived. If the court so charged, he not only intimated,

but expressed, an opinion on the evidence; and not only expressed an opinion, but told the jury what they should do if they believed the witnesses—at least, what he thought they ought to do. Perhaps the record is wrong; perhaps a word or two is omitted, as is insisted upon by the solicitor general; but no diminution has been suggested, and we must take the charge as it stands. It may have controlled the verdict, and though the stabbing six times, makes a bad case against the prisoner, he not being hurt at all, yet it is better, perhaps, that he be tried over.

4. We see no error in the charge that the statement of the prisoner was not evidence, but was entitled only to such weight as they chose to give it. Such is the sense, and almost the words, of the statute. Code, §4637.

Judgment reversed.