## Brown *vs.* The State of Georgia.

[Jackson, Judge, was providentially prevented from presiding in this case.]

1. Newly discovered evidence consisting wholly of declarations made by the state's witnesses after the trial, and tending only to discredit their testimony, is not a good ground for new trial.
2. It is proper to prohibit counsel from commenting in argument upon facts not before the jury
3. Generally, the appropriate charge on the effect of the prisoner's statement, is to apprise the jury, in the language of the statute, that the statement is to have such force only as they think right to give it, reminding them, at the same time, that they are to render a true verdict according to evidence.
4. The evidence before the jury was sufficient ; and the court, in view of the facts in the record, committed no material error.

Criminal law. New trial. Practice in the Superior Court. Evidence. Before Judge Rice. Gwinnett Superior Court. September Term, 1877.

Brown was placed on trial for the offense of shooting at Harrison Bradford. He pleaded not guilty. The evidence made out a very clear case of unprovoked shooting, the only palliating circumstance being that he was drunk. The jury

found him guilty, and a motion for a new trial was made upon several grounds, the material ones of which were, in substance, as follows :

1st. Because of newly discovered evidence.

This ground was based upon the affidavit of John C. Smith, to the effect that after the trial Buck Adams approached deponent and asked him if he, Adams, were to go to the judge and state that he had testified too much against defendant because he was prejudiced againt him, what effect it would have upon the sentence? Also, that Robert A. Bradford, the prosecutor and a witness, asked deponent, on the same day, if he thought any statement he might make to the judge would lessen the sentence? Also, that Ad ms stated that he did not .think he would get any pay on his subpœna unless defendant was convicted.

2d. Because the court erred in refusing to allow counsel to argue to the jury the facts in defendant's statement showing bad feeling between R. H. Bradford, a witness for the state, and defendant.

This ground the court, in substance, denied, certifying that he only declined to allow counsel to comment on a fact neither in the evidence nor in the statement.

3d. Because the court erred in charging that "the statement of defendant as made on the stand, is not sufficient to overcome sworn testimony of credible witnesses."

4th. Because the verdict was contrary to law and evidence.

The motion was overruled and defendant excepted.

WINN & SIMMONS, for plaintiff in error.

A. L. MITCHELL, solicitor general, for the state.

BLECKLEY, Judge.

1. It would not do to let witnesses, by mere talk, destroy a verdict rendered on their testimony. Declarations made after the trial are entitled to much less regard than sworn

testimony delivered at the trial. This difference in value must be recognized so long as there has been no conviction of perjury. Provision is made for setting aside verdicts resting on perjury, but there must first be a conviction. Code, §4467.

2. When counsel go out of the facts, and comment, or attempt to comment, on what is not before the jury, the court may interfere. When the prisoner's statement is the subject of comment, it should be dealt with as statement, and not be confounded with testimony.

3. In charging the jury on the effect of the prisoner's statement, nothing is better to be used than the language of the statute. The statute says the statement is to have such force only as the jury think proper to give it. Doubtless, the object of the statement is to enable the jury better to understand the testimony; still, the effect which they think proper to give it is the effect which it is to have. Of course the jury should not lose sight of the terms of their oath. They swear to give a true verdict "according to the evidence," and this they should do. Where the evidence and the statement conflict, the latter should yield to the former. As a general rule, sworn evidence must be more trustworthy than the prisoner's bare word.

4. We do not say that the court committed no error; what we say is, that no material error was committed. The conviction was proper, and may stand.

Cited for the prisoner: Code, §4637. For the state: (new evidence,) Hop. Penal Code, §§416, 419; 10 *Ga.*, 513; 31 *Ib.*, 420; 13 *Ib.*, 513; 33 *Ib.*, 33; 34 *Ib.*, 114; 39 *Ib.*, 718; (prisoner's statement,) Hop. Penal Code, §§1555, 1558; 48 *Ga.*, 164.

Judgment affirmed.