PEASE *vs.* THE STATE OF GEORGIA.

In a criminal case a charge that if the evidence left the minds of the jurors in doubt, or did not satisfy them, they might consider the prisoner's statement, was error. The jury should be allowed to give the statement such force as they saw proper.

Criminal law. Charge of court. Before Judge CLARK. City Court of Atlanta. March Term, 1879.

Reported in the decision.

S. D. McCONNELL, by brief, for plaintiff in error.

HOWARD VAN EPPS, solicitor of city court, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of misdemeanor and charged with "keeping open a tippling house on the Sabbath day." On the trial of the case the jury, under the charge of the court, found the defendant guilty. A motion was made for new a trial on the grounds therein stated, which was overruled, and defendant excepted.

Pease *vs.* The State.

It appears from the evidence in the record that the defendant's bar-room joined his dwelling-house; that on the first Sunday of September last, Adair, the witness, went into the hall of the defendant's dwelling-house and asked defendant to let him have a pint of cocktail; defendant went through a door, was gone about five minutes, and brought witness a pint bottle of whiskey cocktail, for which he paid him; the door from the hall opened into defendant's bar-room; there were three steps that went down from the hall into the bar-room; defendant went down those steps; witness got the cocktail and took it away with him; did not see the door of the bar-room open; all of the outside doors and windows of the bar-room were closed; defendant did not keep liquors in the rooms of his dwelling-house.

The court charged the jury as follows in relation to defendant's statement made at the trial: The defendant, under our law, is allowed to make his statement, but the same law that says he may make his statement says the jury shall give that statement only such force as they think right. Hence you are to apply that law to that statement and give it such force as you think right. In coming to a conclusion as to what is right in regard to the statement, you have to look to your sworn oath in connection with the evidence, as you have sworn to render a verdict in accordance with the evidence. It would not be right for you to give that statement such force as to set aside the evidence that convinces you beyond a reasonable doubt that the defendant is guilty, but if the evidence is of such a nature as that you are not so convinced, and you find it proper to give force to the statement in connection with the evidence, you can resort to it for light. If the evidence, however, convinces you that he is guilty, you should not give such weight to the statement as would upset that conviction in your minds. If the evidence, therefore, satisfies your minds beyond a reasonable doubt. and the statement is in conflict with that evidence, you are to give preference to the evidence. If it

does not satisfy your minds, you are to consider the statement and give it force in the light in which I have charged you; you may, if the evidence is of such a nature as to allow you to give the statement force and effect, resort to it for the purpose of seeing whether it would, in connection with the evidence, raise upon your minds a reasonable doubt, and if it is of such nature that you can consider the statement, and if it raises such doubt, it would be your duty to acquit him."

This charge of the court was error inasmuch as it limited and restricted the jury in their consideration of the defendant's statement, whereas the statute declares that the statement shall have such force only as the jury may think right to give it, and that is a question for them in view of the evidence. Let the judgment of the court below be reversed.