O'Connor *vs.* The State.

---

O'CONNOR *vs.* THE STATE OF GEORGIA.

1. A police officer may make an arrest without a warrant for a crime committed in his presence, or if the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant. But there must be an offense committed by the party arrested.

2. Where a police officer, without warrant, arrested a man who was guilty of no offense, and in preventing an escape struck and killed the prisoner, these facts would at least warrant a verdict of invol untary manslaughter in the commission of an unlawful act.

3. Where the evidence and the prisoner's statement conflict, the latter must yield to the former

Officers. Municipal corporations. Police. Criminal law. Evidence. Before Judge SIMMONS. Bibb Superior Court. April Term, 1879.

To the report contained in the decision it is only necessary to add the following grounds of the motion for new trial :

(1). Because the verdict was contrary to law and evidence.

(2). Because the court erred in charging as follows: "If you believe, from the evidence, that Franklin had not violated any criminal law of the state or any of the criminal ordinances of the city, then the defendant had no right to arrest him; and if he did arrest him it was an unlawful act, and if he struck him a mortal blow while under this illegal arrest, and Franklin died from such blow, although the defendant had no intention to kill him when he struck him, then he is guilty of involuntary manslaughter in the commission of an unlawful act, and you should so find."

(3). Because the court charged the jury as follows: "In making up your verdict you should not go outside of the evidence sworn to on the stand."

C. J. HARRIS; HILL & HARRIS; A. O. BACON, for plaintiff in error.

C. L. BARTLETT, solicitor-general; SAMUEL HALL, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of murder, and on his trial therefor was found guilty of involuntary manslaughter in the commission of an unlawful act. A motion was made for a new trial on the various grounds contained therein, which was overruled, and the defendant excepted.

1. 2. It appears from the evidence in the record, that the defendant was a policeman in the city of Macon, and that he arrested the deceased and was taking him to the barracks in said city, that the deceased attempted to escape from him, when defendant struck him on the head with a club, from which blow he died that same day, in the barracks, where he was confined. There is no evidence in the record that the deceased had committed any offense against the state or the ordinances of the city, nor is there any evidence that any person had lodged any complaint against the deceased for having violated any law of the state or city and

notified the defendant thereof, or that the deceased had committed or attempted to commit any violation of the law in the presence of the defendant at the time he arrested him. It is true that the defendant, in his statement to the jury, not under oath, says that he had heard that the deceased had, on the day before the arrest, offered to sell a pair of shoes found in his possession to Mrs. Noon, and at the time of his arrest was trying to sell the shoes to Molly Raoul. There was no evidence that the shoes had been stolen from any person, but, on the contrary, it was found that the deceased was a shoemaker, and that the shoes had been left with him by Fanny Cooper, the owner of them, to be stretched, and that deceased was to bring them to her the morning he was arrested with them in his possession. The defendant did not offer to prove by Mrs. Noon, or by Molly Raoul, the truth of his statement in regard to the deceased offering to sell the shoes to them, or either of them, even if that would have authorized him to have made the arrest of deceased. An officer may make an arrest without a warrant for a crime committed in his presence, or if the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant. Code, §4723. But there must be an offense committed by the party arrested. In the case under review there was no offense committed by the deceased to have authorized his arrest by the defendant. We have carefully examined the various grounds of error assigned to the rulings of the court during the progress of the trial, as well as to the charge of the court to the jury, and we find no error in overruling the motion for a new trial. In our judgment the law and the facts in the case required at least the verdict which the jury have rendered.

3. In charging the jury as to the prisoner's statement, nothing is better to be used than the language of the statute, and where the evidence and the statement conflict, the latter should yield to the former. *Brown vs. The State*, 60 *Ga.*, 210.

Let the judgment of the court below be affirmed.