### POPPELL *vs.* THE STATE OF GEORGIA.

1. In every criminal case, the defendant has the right to make his statement, and the jury may give it whatever weight they think it entitled to. They may believe it in preference to the sworn testimony, or may disbelieve it. To charge this principle was not error; nor was it error to remind the jury that the statement was not made under oath, and that the defendant incurred no penalty for not speaking the truth.

2. Continuances on account of the absence of counsel are not favored, and a strict showing is required; particularly where other competent counsel have been secured, and no injury is shown.

3. A new trial will not be granted on account of newly discovered testimony which is merely cumulative, and where no diligence was used to procure it before the trial.

December 21, 1883.

Criminal Law. Charge of Court. Continuance. Before Judge ADAMS. Liberty Superior Court. May Term, 1883.

Poppell was indicted for assault and battery. When his case was called, neither of his two counsel were present, and defendant employed a third, who moved for a continuance or postponement until the next day, because of his recent employment and want of preparation, and because the defendant relied on his original counsel being present. This motion was overruled.

The evidence showed that Walter Baxter, who was a school-boy, went to the well to get some water, and unintentionally spat upon the defendant; that as soon as he did so, he said, " Oh! oh! I did not go to do that;" but defendant started at him, and he ran; that defendant ran after him, threw him down and beat him with his fist so

that a silver quarter could not be laid on his face without touching a bruise; that young Baxter had been whipped in school a few days before because one of the boys had reported that he had spat in the face of the defendant's little sister, but he denied having done this in his testimony.

There was some evidence for the defendant to contradict statements of a witness for the state, as to the testimony given in at the committing trial; and one witness for the defendant testified that he saw young Baxter about a week and a half after the alleged battery, and did not notice any bruises on him, but did not notice him particularly.

Defendant, in his statement, said that he was standing at the well when Baxter came up as if to get water; that he turned round and spat on defendant's breast so that it spattered in his face; that he then ran; that defendant did not hear any apology or disclaimer; that he ran after Baxter, and just before catching him, the latter fell and struck his face on some snags, causing the bruises; that defendant merely spanked him; and that Baxter had spat in the face of defendant's little sister a few days before.

The jury found the defendant guilty. He moved for a new trial, on the following among other grounds:

(1.) Because the court charged as follows: "The defendant in every criminal case has the right to make his statement; the jury may give whatever weight to such statement they may think it entitled to. You may believe it in preference to the sworn testimony in the case, or you may disbelieve it. The statement is not made on oath, and defendant not being under oath, there is no penalty attached to him for not speaking the truth." [The objection was that this tended to cast discredit upon the statement.]

(2.) Because one of defendant's attorneys was providentially absent when the case was called. [Only one of them was accounted for on the ground of providential absence.]

(3.) Because the court refused to postpone or continue

the case, on motion of counsel employed when it was called, the original counsel being absent and defendant relying on their presence. [The court certified that both the defendant and his counsel had notice when the case would be called, and the latter were absent without leave or explanation.]

(4.) Because of newly discovered evidence to show that certain witnesses saw Baxter on the Saturday succeeding the alleged battery, and he did not then have the marks of bruises on his face.

The motion was overruled, and defendant excepted.

T. N. WINN; A. S. WAY, by brief, for plaintiff in error.

W. G. CHARLTON, solicitor general, for the state.

HALL, Justice.

1. There was no error in charging the jury that the defendant in every criminal case had the right to make his statement, and that they could give it whatever weight they thought it entitled to; they might believe it in preference to the sworn testimony, or might disbelieve it. This charge is almost in the very language of the statute. Code, §4637. Nor was there any error in reminding the jury that this statement was not made under oath, and that the defendant incurred no penalty for not speaking the truth. The statute expressly provides that the statement is not to be made under oath. It is optional with the defendant to make or to omit it, and he suffers no detriment by failing to make it; he is not compelled to answer questions on cross-examination, and may, if he sees proper, decline to answer such questions. *Ib.* Surely there can be no wrong in calling the attention of the jury to circumstances which should impair the force of such testimony or which should enable them to give it the weight to which it is entitled. The charge in this instance is free from exception or criticism, and is just what it should have been.

2. There was no error in refusing to postpone the hearing of this case upon the application of defendant; he had two counsel engaged; one of them was in court when it was announced that the criminal docket would shortly be called; he was absent when it was called, as it is alleged, on account of sickness in his family; why the other was not present does not appear; he had furnished himself with other counsel, and all the witnesses he had subpoenaed were present. Continuances for this cause are not favored. A strict showing is required, particularly where competent counsel has been secured, and it is not shown that the defendant was injured by the absence of his original counsel. 10 *Ga.*, 85; 16 *Ib.*, 526; 38 *Ib.*, 505; 18 *Ib.*, 383; 45 *Ib.* 57, 72.

3. The newly discovered evidence set forth in the motion for a new trial was, at most, cumulative, and no diligence was shown in endeavoring to procure it.

Judgment affirmed.