## SANDERS *vs.* THE STATE OF GEORGIA.

Keeping open a tippling-house on the Sabbath day is classed in the statute along with open lewdness and notorious acts of public indecency, tending to debauch the morals of the people; it is not only itself a crime against decency, but is also the generator of other crimes; and in administering the statute against it, courts will not be astute in shielding violators of the law by resorting to niceties of verbal criticism, which would be destructive of the objects and aims of the statute

(*a.*) Whenever it is shown that the house complained of is a tippling-house; that defendant is its owner; and that it has been kept open on the Sabbath day or Sabbath night, the charge is completely made out, and without more, the jury ought to convict. If the house was opened and kept open against the owner's consent, express or implied, either by his clerk or some other person, or if it was opened for any cause or purpose which the law would justify or excuse, and if any of these facts be shown, the defendant would be entitled to be acquitted; but such a defence must be established, and it will not be assumed or its existence inferred from the bare fact that the proprietor was not visible to those resorting to the house on Sunday for the purpose of tippling.

December 19, 1884.

Criminal Law. Construction of Statutes. Sunday. Before Judge HARDEN. City Court of Savannah. February Term, 1884.

Sanders was tried under a presentment for keeping open

a tippling-house on the Sabbath day. There was no contest as to the character of the house. As to its being open, only one witness was sworn, who testified on that subject as follows:

Question. "Prior to the 16th of November, 1883, upon any Sunday before that time within two years, were you ever in this defendant's place of business, corner of Jefferson and South Broad streets?"

Answer. "Yes, sir."

Q. "How did you go in?"

A. "Went through the side entrance."

Q. "You went through the side entrance?"

A. "Yes, sir."

Q. "Where is that entrance—on what street?"

A. "Off Jefferson street."

Q. "For what purpose did you go in there?"

A. "To get a glass of beer."

Defendant was found guilty. He moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court refused to charge as follows: "The defendant can only keep open a tippling-house by himself or agent; if not kept open by himself, then he can only be bound by the acts of such persons as are shown to be his agents; and the burden is on the state to prove the agency."

(3.) Because the court refused to charge as follows: "I charge you that the fact that the defendant's place of business, which is admitted to be a tippling-house, was entered by a person on the Lord's day, the defendant not being present, is not evidence of the fact that it was kept open by the defendant or by his authority."

(4.) Because the court charged as follows: "A man who is the proprietor of the establishment is presumed by the law to know what takes place in his own establishment, as to whether it be open or closed, to the extent of throwing upon him the burden of showing that, if the law is violated in his place, it is not his fault."

(5.) Because the court, after charging, as requested, that, " as a general rule, a principal is not responsible for the criminal act of his agent, unless it is shown that the agent acted with the authority of the principal," added thereto the following words : " It is a correct principle of law, gentlemen, but still what I have said to you in reference to this matter is not in the slightest degree in conflict with this. Where a principal has an agent who has done a criminal act, ordinarily the principal would not be responsible, unless he be directly connected with that act, but where the offense is in keeping a house open, a tippling-house open, it makes no difference whether the proprietor be present or not ; if his employé keeps it open, the proprietor is the one who is guilty, unless he can show that it was done without his knowledge or consent."

The motion was overruled, and defendant excepted.

GARRARD & MELDRIM, for plaintiff in error.

W. G. CHARLTON, solicitor general, for the state.

HALL, Justice.

Keeping open tippling-houses on the Sabbath day is found in the same section of the Code, §4535, associated with open lewdness and notorious acts of public indecency, tending to debauch the morals of the people. From the company in which it is placed, we feel authorized in concluding that the law-makers regarded it as an offense of a peculiarly obnoxious character—one which every man's observation teaches is not only offensive to common decency, but is also the generator of crimes of a much more flagrant and pernicious character, threatening the well-being and safety of society. The purpose of the act was not only to close up such establishments on Sunday, in deference to the finer and better feelings of orderly and well-disposed people, but to remove this incitement to graver and more dangerous violations of the law. Having in

view the advancement of the remedy and the suppression of the mischief, courts are not very astute in shielding violators of this provision from punishment by resorting to the niceties of verbal criticism, such as would be intelligible only to grammarians and fastidious scholars, but would utterly fail to impress less cultivated minds and tastes, in order to provide for them a way to escape. They apply to such cases the deductions which common sense and ordinary observation would draw from the facts in proof, as a surer guide to a right result than would be the ingenious speculations of the schoolmen. Such a mode of dealing with the statute would not amount to a strict construction simply, which would be proper, but to such a one as would be absolutely destructive of its object and aim. Whenever it is shown that the house complained of is a tippling-house, that defendant is its owner, and that it has been kept open on the Sabbath day or Sabbath night, the charge is completely made out, and without more the jury ought to convict. If the house was opened and kept open against the owner's consent, express or implied, either by his clerk or some other person, or if it is opened for any cause or purpose which the law would justify or excuse, and any of these facts be shown, then he would be entitled to an acquittal; but it would be going quite too far to assume that such a defence was established or to infer its existence from the bare fact that the proprietor was not visible to those resorting to the house on Sunday for the purpose of tippling. This invisibility is doubtless a part of a cunningly contrived scheme for keeping the house open and carrying on the forbidden traffic on this hallowed day, in defiance of the regulation and without incurring the penalty of its violation. There was no error either in the charge given, or in that which the defendant requested, and which was refused.

Judgment affirmed.