HENDRICKS *vs.* THE STATE OF GEORGIA.

1. The charge of the court in a criminal case should not be such as to lead the jury to infer that, in his opinion, the prisoner's statement was entitled to very little, if any, consideration in arriving at the truth, and that as evidence it should be rejected.  But where, under the evidence, including the statement of the prisoner, no other verdict could have been found than that of guilty, such a charge will not necessitate a new trial.

2. There was nothing in the evidence which could have justified the court in instructing the jury that they might find defendant guilty of a lower grade of offense than assault with intent to murder, such as stabbing, or assault, or assault and battery ; and a request to charge that they might so find was properly refused.

3. There was no error in rejecting the testimony set out in the thirteenth ground of the motion.  Taken in connection with the judge's explanatory note, it is doubtful if it could have served the purpose of impeaching the witness whose credit it seemed designed to affect.  What it was in its full details does not appear from the record ; its materiality was not shown, and it is most manifest

v 73-38

that, if it was adduced to impeach the witness, no foundation was laid for its introduction.

4. The verdict is not only sustained but required by the evidence.

January 21, 1885.

Criminal Law. Statement of Prisoner. Charge of Court. New Trial. Assault with Intent to Murder. Assault. Evidence. Verdict. Before Judge HAMMOND. Fulton Superior Court. March Term, 1884.

Samuel Hendricks was indicted for assault with intent to murder, committed on Miss Blanche Budden. The evidence for the state was, in brief, as follows: Hendricks was a married man, but had been visiting Miss Budden; and they agreed that when he should obtain a divorce, they would be married. Her father, learning that he was married, and that his habits were bad, objected to his coming to the house, and forbade his doing so. Her mother said she would kill him if he came to the house. The daughter, however, met him clandestinely, and notes passed between them. Subsequently she told him that she did not care to have anything further to do with him. On a certain Saturday, they were both at a picnic. Defendant went to her, caught her by the arm and said he wanted an explanation, but was persuaded by other men to leave. He said he would have an explanation on Monday. On that day he entered the shop of Mr. Budden, where the daughter was at work, went to her and put his arm around her neck, saying, "Oh! Blanche!" and began cutting at her with a knife. Her hair prevented a serious injury, and she was only scratched and slightly cut across the cheek. Her father and another man in the shop ran up, and after a struggle, succeeded in breaking the knife, and then Budden ordered the defendant to leave, which he did, but said he had come there to kill her. Miss Budden testified that, when defendant came into the shop, he gave her some notes, which she tore up and did not show to her father or sister; that she never wrote him "that many

letters in her life "—referring to a bundle of letters in the hands of counsel.

Defendant made a statement, which need not be detailed, but introduced no evidence.

The jury found the defendant guilty. He moved for a new trial on numerous grounds, of which it is only necessary to set out the fourth, eighth and fifteenth, as follows:

(4.) Because the court charged as follows: "It is proper to call your attention to the fact that the evidence is delivered on oath; the prisoner's statement is not; and you ought not to set aside the sworn testimony of witnesses without sufficient cause. You will look to the evidence and determine from that what the truth is, and then the prisoner's statement, and then give to it such force as you think proper to give; and from the whole case, as thus presented, the law casts upon you the responsibility of determining what the truth is."

(8.) Because the court refused to charge that drunkenness of defendant at the time of the commission of the crime might be looked to by the jury in determining the question of intention.

(15.) Because the court ruled out the following evidence of Miss Budden, brought out upon cross-examination of defendant's counsel:

Question. "Was it true that your life and defendant's life were in danger?"

Answer. "Yes, I suppose it was true."

Q. "Is it true that your mother threatened to put lead in his head if he came there?"

A. "Yes, if you want to know, mother threatened to kill him if he came to the house again."

Q. "Is it true that you told a lie about the note?"

A. "Yes, I did."

[The court added the following note: "In regard to the 15th ground, the truth, as I remember it, is this: Defendant's counsel, in cross-examining the witness, Miss Budden, used a great many letters which he claimed were written by her to the defendant; and he would apparently read a passage from one of those letters and ask if that was not true. A great many questions were asked in this manner, the state's counsel objecting to it on the ground that extracts from

the letters ought not to be read in the hearing of the jury, unless the whole letter was read or was to be offered in evidence. I ruled that I would not restrict counsel in his method of examining the witness, but that, if the letters were not offered afterwards, I would hear the motion to rule out evidence of what they contained and thus indirectly put before the jury. Afterwards, when the defendant's counsel announced that he would not offer any evidence, the state's counsel moved to rule out that portion of Miss Budden's evidence that was thus apparently based on letters which had been partially read in the hearing of the jury. I sustained the motion, and had the evidence read over, and selected, as well as I could, those portions of her testimony which came within the ruling made; and in that way, the evidence specified in the 15th ground of the motion was excluded."]

The motion was overruled, and defendant excepted.

Hoke Smith; Milledge & Smith, for plaintiff in error.

C. D. Hill, solicitor general, by B. H. Hill, for the state.

Hall, Justice.

All of the grounds of the motion for a new trial were properly abandoned, upon the hearing before this court, except the 4th, 8th and 15th.

1. The fourth ground complains of the judge's charge in relation to the force and effect of the prisoner's statement as evidence. After instructing the jury that this statement should have such force only as they might see proper to give it, but that, although it was not made under oath, they might believe it in preference to the sworn testimony in the case (Code, §4637), he added, that it was proper to call attention to the fact that the evidence was delivered under oath, and that the prisoner's statement was not, and they should not set aside the sworn testimony of witnesses without sufficient cause; that they should look to the evidence, and determine from that what the truth was, and then to the prisoner's statement, and then give to it such force as they might think proper, and from the whole case, as thus presented, they would find the truth; that the law cast upon them the responsibility of doing this.

It is insisted that this addition. contained inaccurate language; that it was awkwardly expressed; that it tended to give undue prominence to the sworn testimony, while it detracted from the weight, which it was evidently the purpose of the legislature to empower the jury, if they saw proper, to give to the prisoner's statement; that it emasculated and impaired the privilege conferred by this law; and that it was so confused and inexact as not to be readily intelligible to the jury, and instead of assisting them to reach a correct conclusion, it was well calculated to mislead them. While we do not fully concur in this criticism, and think it rather extreme, yet we are of opinion that it would have been better in this, as in all cases, to give in charge the statute and there leave the matter, as was heretofore stated by this court. 65 *Ga.*, 508. It might not amount to error to remind them, as was done in *Poppell vs. The State*,* that the defendant incurred no penalty for speaking falsely, as did witnesses testifying under oath, or that, in making his statement, he was shielded from a cross-examination to which other witnesses were subject, as was held by this court in 69 *Ga.*, 245. While we are aware that such was not the purpose of the excellent judge who presided in this case, yet it is possible that the jury may have inferred, from the remarks under review, that it was his opinion that the statement in this case was entitled to very little, if any, consideration in arriving at the truth, and that, as evidence, it should be altogether rejected. There may be danger of such a result where the instructions upon this subject are obscure and equivocal, and in a doubtful case, it would perhaps be our duty to order another hearing, so that the defendant would have the full benefit of a provision designed for his protection, but, as there is little or no likelihood that a different result would be reached on another hearing of this case, and as the evidence adduced on the trial, including the prisoner's statement, satisfies us that no other verdict could or should

* 71 *Ga.*, 276.

have been rendered, we are constrained to agree with the judge of the superior court that it should not be disturbed for this unhappily expressed view of the law.

2. We are of opinion that there is no error in refusing to charge as set forth in the 8th ground of the motion for a new trial. There is nothing in the evidence which could have justified the court in instructing the jury that they might find a verdict for a lower grade of the offense than that set forth in the indictment,—as stabbing, or assault, or assault and battery. There was no actual assault made upon the defendant, nor any attempt to commit a serious personal injury upon him by the young girl whom he assailed with a deadly weapon, nor were there other equivalent circumstances to justify the excitement of passion and to exclude all idea of deliberation or malice, either express or implied — nothing whatever to show that the attack was the result of a sudden, violent impulse of passion, supposed to be irresistible. This invasion upon the rights of a father and his family seems to have been deliberately planned, and to have been carried into effect in pursuance of a previously expressed purpose to have satisfaction or an explanation, or, in his own words, to make the family "ante up." After he had been disarmed, and his victim rescued from his grasp, and while he was smarting under this defeat, he expressed his intention to renew the combat and to kill her. It has been frequently held, that in such a case, the judge should not instruct the jury as to their power to find the defendant guilty of a lower grade of the offense charged.

3. There was no error in rejecting the testimony set out in the 15th ground of the motion. Taken in connection with the judge's explanatory note, it is doubtful if it could have served the purpose of impeaching the witness, whose credit it seemed designed to affect. What it was in its full detail does not appear from the record; its materiality is not shown, and it is most manifest that if it was adduced to impeach the witness, no foundation was laid

for its introduction. No opportunity was afforded the witness to explain ; she was not permitted to see or hear read the letters in question; and her attention was called to such portions only of this correspondence as the examining counsel saw proper to recite. At this stage of the examination, he was distinctly informed by the presiding judge, that unless the letters were introduced, the testimony based upon them would be ruled out; they were not introduced, and the testimony founded thereon was expunged from the record—not, however, until the defendant had the benefit of any impression that it may have made upon the minds of the jury, although it had been thus improperly and irregularly gotten before them. It is unquestionably the duty of the party alleging error to make it appear. In the absence of these epistles, it is impossible for us to determine whether error did, in fact, exist.

As intimated, there is nothing in any of the other grounds of the motion entitling the defendant to a new trial. The verdict is not only sustained, but required by the evidence. We could not, therefore, if we would, and would not, had we the option, interpose to shield this defendant from just punishment for this most dastardly and murderous assault upon a woman, whose affections he had engaged, and of which he shows himself to have been eminently unworthy.

Judgment affirmed.