## KLUG *vs*. THE STATE OF GEORGIA.

1. Where it was shown that the door of a tippling-house was open on Sunday, that the proprietor's clerk and another were seen in the house, and that, although there was a high fence around the house, the gate also was open, a verdict of guilty of keeping open a tippling-house on Sunday was not contrary to law and evidence.

2. Where a defendant in a criminal case made a statement in his own behalf, it was competent to contradict this by showing conflicting statements made by him before the magistrate; nor does the rule requiring a witness to have his attention called to the time and place of making such statements in order to render them admissible, apply to the defendant's statement.

(*a*.) Besides, in this case, the defendant did know the time and place, and made an effort to explain his former statements.

3. There was no error in the following charge, as to the defendant's statement, especially in a clear case: "The defendant's state-

ment is not under oath ; no penalty is prescribed for making a false statement; you have the right to accept the statement in pref- erence to sworn testimony, or you have the right to reject it. A jury should not accept a statement because it is made by the de- fendant; they should not reject it because it is not sworn to. They should examine it, weigh it; is it reasonable, is it probable, is it consistent with the facts that seem to be proved ? · And after thus weighing it, give it that effect you think it ought to have."

4. Where neither the clerk of the accused nor the other person seen in the house were produced as witnesses on the trial, there was no error in stating to the jury that the defendant had the power, as fully as the State, to compel the attendance of witnesses.

5. The law prohibits tippling-houses being kept open on Sunday. . It matters not for what purpose; the keeping the door open is the crime; and it is no excuse that it was kept open to dry the room or goods therein ; and there was no error in charging to the effect that keeping the house open to dry fruit or other goods will not do, and that if it was open, the crime was complete, no matter for what purpose it was kept open.

(*a.*) This ruling does not conflict with the case of *Sanders*, 74 *Ga.* 82, or *Nixon's* case, 75 *Id.* 862.

6. If the proprietor of the tippling-house seeks to shield himself on the ground that the act was that of his clerk and not of himself, he must show not only that he had no knowledge of the door's being open, but that he gave no consent thereto, ex- press or implied.

November 9, 1886.

Criminal Law. Practice in Superior Court. Before Judge ADAMS. Chatham Superior Court. December Term, 1885. ·

Reported in the decision.

GARRARD & MELDRIM, for plaintiff in error.

F. G. DUBIGNON, solicitor-general, for the State.

JACKSON, Chief Justice.

Frederick Klug was ·convicted of keeping open a tip- pling-house on the Sabbath ; the court below denied him a, new trial, and the case is here on assignments of error on that denial.

1. The evidence is abundant to prove his guilt; a police-man saw the gate open and a blind negro standing in it; the door of the tippling-house open, too, and defendant's clerk and somebody else inside the house. The gist of this offence is to keep the house open to ingress and egress. The high paling relied on by the counsel of plaintiff to stop such egress and ingress does not avail him, because the gate, as well as the door, was open and people in the house, one of them the clerk, the other unknown to the policeman. It is quite a clear case, and the verdict is not contrary to evidence or against law.

2. There was no error in allowing the statement of Klug to be contradicted by his own sayings and statements before the mayor. The counsel, in assigning error, put it upon the ground that the party should have been notified of the time and place in order to make the contradictory statement admissible. We do not see that the rule is applicable when the statement is made by the defendant on his own trial and in his presence; one statement just made is contradicted by another made about the same transaction before the mayor; besides, he did know time and place, and made an effort to explain the saying before the mayor by the additional statement that it was his clerk that told him the facts which he stated before the mayor, and thus they were not his own, in his view of it, but the clerk's. 65 *Ga.* 568.

3. No error was made in the court's saying to the jury that "the defendant's statement is not under oath; no penalty is prescribed for making a false statement you have the right to accept that statement in preference to sworn testimony, or you have the right to reject it. A jury should not accept a statement because it is made by the defendant; they should not reject it because it is not sworn to; they should examine it, weigh it; is it reasonable, is it probable, is it consistent with the facts that seem to be proved? And after thus weighing it, give it that effect you think it ought to have." Substantially

Klug *vs.* The State of Georgia.

this court has ruled the objection not good; certainly a much worse charge is not so bad as to work a new trial in a clear case. 73 *Ga.* 577.

4. We see no error in the statement of the court that defendant has the power, as fully as the State, to compel the attendance of witnesses in the county. It is applicable to this case, inasmuch as the clerk and the other person seen by the policeman in the house were not produced, to explain, if possible, its being open and want of knowledge and consent by the defendant.

5. The law is that these houses must be kept shut. To keep them open on the Lord's day is the offence. It matters not for what purpose. The open door is the crime. If to dry the room it is kept open, such an excuse would be always made, though people had ingress to drink and tipple, and actual drinking must be proved to convict. Such is not the law; nor does this ruling collide with either *Sanders'* case, 74 *Ga.* 82, or *Nixon's* case, 75 *Id.* 862, cited by plaintiff in error. Therefore a charge to the effect that keeping it open to dry fruit or other goods will not do, and if open, the crime is complete, no matter for what purpose it is kept open, is in accordance with the law. *Harvey vs. The State,* 65 *Ga.* 568, 570. A retailer of spirituous liquor, beer or wine had better not keep things to dry in the same house if he cannot dry them without keeping his door open.

6. If the clerk be guilty and keeps the door open, to free himself from crime, the employer of the clerk must show, not only that he did not consent, but also that he did not know. He might consent by private arrangement to do the thing by the clerk, and yet not know it was done at the time it was done; so that to shield himself, the proprietor must show at all events, not only no knowledge of the door's being open, but no consent to it, express or implied, as is intimated, if not decided, in *Sanders'* case, *supra.* The implication is almost irresistible that the consent is

v 77-47

given tacitly and approvingly, if not by distinct instructions. In *Nixon's* case, the mind of the court was on the case before it, and we held that the court made no charge that wronged the plaintiff in error, or was error as against him.

Judgment affirmed.