## WILSON *vs.* THE STATE OF GEORGIA.

1. There was no error in overruling the motion for new trial in this case. The evidence demanded the verdict.
2. There was no error in admitting the testimony of Eubanks after the State and the defendant had closed their testimony. Eubanks's testimony was in rebuttal of the defendant's statement.
3. The newly-discovered evidence would not probably change the verdict on a new trial.

Judgment affirmed. (Head-notes by the court.)

October 28, 1887.

SIMMONS, Justice.

[Indictment for assault with intent to murder. The evidence showed the following facts: As Allen, the prosecutor, was going home, he encountered some boys, who threw snowballs at him as he approached. He went among them, and saw the defendant (who had probably been pelted by snowballs before his arrival) approaching.

He pursued his way homeward, and was overtaken by her near her house.  She asked him who the boys in the crowd were; he replied that he did not know.  Coming from his home shortly afterwards, he met the defendant near her house.  She stopped him, asked if he had had her "arrested yet," accused him of having a pistol (both of which he denied), and then called another woman from the house, and cut Allen in the shoulder with a razor, cursing him, and saying she would cut his throat.  He threw a rock at her, and the other woman ran up and struck him with a pair of tongs.  The difficulty was then stopped by a man, who testified as a witness for the State.

Two witnesses were introduced by the defendant, but their testimony amounted to nothing; neither saw the difficulty.  In her statement, the defendant claimed that Allen hit her with snowballs, cursed her and cut her hand with a knife, at the same time hitting her sister with a rock.  In explanation of how Allen was cut, she stated that the man who came to stop the difficulty " tried to cut around the boy's shoulder and cut his overcoat."  She denied ever having used a razor.  In rebuttal of her statement the State was allowed, over objection, to introduce testimony of one Eubanks, tending to contradict it and to support the evidence for the State already in.

After verdict of guilty, the defendant moved for a new trial on the grounds that the verdict was contrary to law and evidence; because of the admission of the testimony of Eubanks after the evidence for both sides had closed; and because of the newly-discovered evidence of two witnesses, to the effect that Allen first accosted defendant and assaulted her with the rock before she said or did anything to him; that other boys in the crowd then threw rocks at her and her sister, the largest one cutting her hand with a large pocket-knife " over the shoulder " of Allen; and that this was the only cutting that was done, defendant having no razor or knife, and only trying to defend herself from the assaults of the boys.  The new trial was refused, and she excepted.]