### UNDERWOOD *v.* THE STATE.

1. The prisoner's statement, if true, making a case from which the jury might conclude that the killing was necessary in self-defence, and his counsel having at the proper time requested the court in writing to instruct the jury that if they believed that at the time of the killing the deceased was making an unjustifiable assault upon the accused with a deadly weapon, with the purpose of taking his life, that the conduct of the accused was solely in defence against that assault, and was necessary in order to save his own life, and that under these circumstances and for this purpose he shot and killed deceased, he would not be guilty and the jury should so find, it was error, according to *Hayden* v. *State*, 69 *Ga.* 732, to deny such request. In *Darby* v. *State*, 79 *Ga.* 64, no request for any instruction based on the prisoner's statement appeared.
2. Taking into consideration all the rulings of the court so far as verified, and also the full charge given to the jury, it was not error to refuse a new trial upon any of the grounds of the motion save that which related to the above matter.
   November 10, 1891.

Criminal law. Murder. Prisoner's statement. Charge of court. Before Judge RICHARD H. CLARK. Fulton superior court. March term, 1891.

Reported in the decision.

GLENN & MADDOX, for plaintiff in error.

W. A. LITTLE, attorney-general, and C. D. HILL, solicitor-general, *contra.*

BLECKLEY, Chief Justice.

1. In a criminal case the accused is not a competent witness in his own behalf upon the trial, but by statute he has the right to make a statement to the court and jury. This right as to cases of felony was brought in

by the act of 1868; by the act of 1874 it was extended so as to comprehend all criminal trials; and by amendment in 1879 it was enacted that the jury might believe the statement in preference to the sworn testimony in the case. The entire provision on the subject, as it stands now, appears in the code of 1882 and reads as follows: " In all criminal trials in this State, the prisoner shall have the right to make to the court and jury such statement in the case as he or she may deem proper in his or her defence, said statement not to be under oath, and to have such force only as the jury may think right to give it; and the jury may believe such statement in preference to the sworn testimony in the case: provided, the prisoner shall not be compelled to answer any questions on cross-examination, should he or she think proper to decline to answer such questions." Code, §4637.

Exercising this statutory right, Underwood on his trial for the killing of Sayre made a statement consisting in part of the following:

" Mr. Sayre was still talking in his room. I walked on back out there on the verandah near the cistern or well, going through the dining-room, and asked Mr. Sayre to be quiet; that Duggar was all right, there was nothing the matter with him. And I told him: 'Alexander, it is near time you were going to work. It is after three o'clock. Now go on to work. Everything is all right. Duggar seems to be quiet.' He remarked to me: ' You God-damned son of a bitch, you are no friend to me either, and I will kill you.' He made at me with a knife or something in his hand, and I told him: 'Don't do nothing like that.' Mr. Sayre kept advancing, and then was when the work was done. I snatched my revolver just as quick as I could, and the firing was done in a second and under the excitement, fearing my own life was in danger. I thought I would be murdered there. I didn't know I had fired two shots. I was under the impression it was one. He was advancing on me and it was done in half a second. . . It

looked like a knife. . . It looked like a knife to me."

There was no sworn evidence to confirm this statement, but on the contrary the facts of the homicide, as testified to by the witnesses for the State, were wholly inconsistent with it. The court charged the jury upon murder and manslaughter, but gave no instruction whatever upon justifiable homicide or the law of self-defence. Counsel for the accused, by a request made in writing at the proper time, called upon the court to charge the jury thus: " If you believe that at the time of the killing, the deceased, Sayre, was making an unjustifiable assault upon the defendant with a deadly weapon, with the purpose of taking defendant's life, that defendant's conduct was solely in defence against said assault thus made, and was necessary in order to save his own life, and that under these circumstances and for this purpose he shot and killed the deceased, he would not be guilty and you should so find."

The denial of this request is the subject-matter of the 11th ground of the motion for a new trial. The court states in a note to this ground that it was his duty to charge the law of self-defence if warranted by the evidence, but he did not think it his duty to charge upon the statement of the defendant alone, unsupported by the evidence. It thus appears that the court was aware that counsel for the defendant desired to urge a substantive defence based on the statement of his client, and the sole reason assigned by the court for declining the request was that it rested on the statement alone. This reason was not legally sufficient, testing it by the only decision of this court of which we are aware that applies directly to the question. In the case of *Hayden* v. *The State*, 69 *Ga.* 732, it was ruled by a full bench that : " The statement of a prisoner is admissible by statute, to be weighed and passed upon by the jury, and they may believe it,

notwithstanding it conflicts with the sworn testimony of witnesses. Therefore, when a legal and pertinent request to charge has been made in writing, based upon such statement, it should be given; otherwise the statement would be restricted in its effect." In the present case the request was in writing and the matter of it was legal and pertinent; for, if the statement of the prisoner was true, the jury might have concluded from it that the homicide was committed in self-defence. By section 4330 of the code, self-defence is a ground of justification, and the language of section 4333 is as follows : " If a person kill another in his defence, it must appear that the danger was so urgent and pressing at the time of the killing, that in order to save his own life, the killing of the other was absolutely necessary; and it must appear, also, that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given."

Until reversed or modified in the manner prescribed by section 217 of the code, the decision in *Hayden* v. *The State* is binding, not only on the superior courts, but on this court. It was the legal right of the accused to have the rule there laid down administered on the trial of his case, and however guilty he may be, we do not feel authorized to acquiesce in his conviction and in the infliction of capital punishment upon him, until he has been legally tried. As the law has been hitherto expounded, it is only where a proper and pertinent request is presented in due time and manner that the accused is entitled to have instructions submitted to the jury upon the matters of defence raised by his statement. In *Downing* v. *The State*, 66 *Ga.* 111, it was said: " If counsel representing the defendant in a criminal case desire special instructions in reference to the statement of the prisoner, in addition to the general charge as to the effect to be given it, they should make proper re-

quests therefor." The contention in that case was that the court should have proceeded to inform the jury as to the legal effect of the statement if true. In *Darby* v. *The State*, 79 *Ga.* 63, no request for special instructions appeared, and it was held not to be the duty of the court to give in charge any theory of the case which arose not from the evidence, but from the defendant's statement. In several cases where the charge of the court was entirely silent touching the statement, such silence, in the absence of a request, was held not to be cause for a new trial. *Brassell* v. *The State*, 64 *Ga.* 318 ; *Bray* v. *The State*, 69 *Ga.* 765 ; *Seyden* v. *The State*, 78 *Ga.* 106. The statement stands upon a peculiar footing. It is often introduced for the mere purpose of explaining evidence, or as an attempt at mitigation ; the accused and his counsel throw it in for what it may happen to be worth and do not rely upon it as a substantive ground of acquittal. This may serve to explain why a request to charge upon it is frequently omitted. It is no injustice or hardship to treat the omission as a waiver. But where a stand is made upon the statement, and the court is formally requested to charge particularly touching the matter which it sets up, we can see no reason why it is not as much the right of the accused to have the charge given, as it would be if the defence rested upon like matter brought out in the testimony. It is one thing to instruct the jury as to their right to credit the statement, and another thing to acquaint them with the legal effect of the contents of the statement in case they do give it credit. Upon each of these topics a proper request when made should be complied with. It is certainly in the power of the court to deal with them both without any request. In proper cases the jury may be guarded by a charge from the court against giving the statement an undue effect in favor of the prisoner, as was done in *Fry* v. *The State*, 81 *Ga.* 645. In that case the complaint

was that the court, of its own motion, charged upon matter embraced in the prisoner's statement, and thus prevented him from getting the benefit before the jury of an excuse for the killing consisting of a mere provocation by words. It frequently happens in practice that the jury ought to be instructed upon the effect of the defence set up in the statement, in case the jury should believe the statement true. Otherwise, the mistake might be made in the jury-box of treating as a good defence matter which is wholly insufficient in law. On the other hand, when the prisoner or his counsel requests it, a defence set up in the statement which is good should be pronounced so by the court, on condition that the jury consider it established as matter of fact. In *Ozburn v. The State*, 87 *Ga.* 173, 13 S. E. Rep. 247, there was a request in general terms to charge the sections of the code relating to the law of voluntary manslaughter and of justifiable homicide. Such requests when founded alone on the prisoner's statement are altogether too comprehensive and indefinite, and for that reason their rejection would be warranted. The request, however, was complied with touching the law of voluntary manslaughter; and this court considered that the refusal in respect to the law of justifiable homicide was correct, inasmuch as no such defence was made out by the facts before the jury in any view of the case. In writing out for the court the opinion in that case, Mr. Justice LUMPKIN said: "Indeed, the zealous and faithful counsel for the prisoner who argued the case before this court virtually conceded that the law of justifiable homicide had nothing to do with it." Had there been facts amounting to a justification and also a specific request adjusted to them in their precise legal significance, as in the present case, a denial of such request would have been erroneous.

2. Many other grounds are contained in the motion for a new trial, but looking at the whole charge of the

court and all of the rulings, so far as authenticated by the judge, we think the above matter is the only one upon which a new trial should have been granted. Some of the phraseology of the charge would need modification to adapt it to this matter as a part of the charge itself. On another trial, we doubt not that these modifications will be apparent to the presiding judge. Had not the error which we have discussed been committed, we should not have felt constrained to order another trial; for, testing the case by the evidence, irrespective of the statement, the verdict of the jury was apparently correct. *Judgment reversed.*

NOTE.—In addition to the cases cited in the opinion, the following are the rulings of the court heretofore made touching the prisoner's statement: 1. *Practice.* Prisoner's counsel cannot ask questions. *Brown* v. *The State*, 58 *Ga.* 212. Court asking prisoner whether he meant to deny the testimony. *Robinson* v. *The State*, 82 *Ga.* 535. 2. *What it may embrace.* Prisoner making long and rambling statement, or desiring to state matters grossly irrelevant, may be restrained by the court. *Loyd* v. *The State*, 45 *Ga.* 58; *Montross*, 72 *Ga.* 261; *Howard*, 73 *Ga.* 83. But error to restrict to facts which would be admissible in evidence. *Coxwell*, 66 *Ga.* 309. 3. *Evidence.* Admissible to rebut statement by testimony. *Holsenbake*, 45 *Ga.* 44; *Hanvey*, 68 *Ga.* 612 (witness not under rule); *Wilson*, 80 *Ga.* 357; *McKinne*, 81 *Ga.* 165; *Klug*, 77 *Ga.* 734; *Bone*, 86 *Ga.* 108, 122 (witness heard statement); *Porter*, 86 *Ga.* 362 (proving abusive words not charged). But bad character of prisoner, and that witness would not believe him on oath, not admissible. *Doyle*, 77 *Ga.* 513. 4. *Argument.* Right of conclusion not lost by making statement. *Farrow*, 48 *Ga.* 30; *Seyden*, 78 *Ga.* 105. But evidence introduced in reply to rebuttal of statement loses conclusion. *Downing*, 66 *Ga.* 110. Counsel for accused ought not to confound statement with testimony. *Brown*, 60 *Ga.* 210. State's counsel ought not to argue on omission to make statement. *Robinson*, 82 *Ga.* 535. 5. *Failure to make statement*, and effect. Error to tell jury they might consider such failure. *Bird*, 50 *Ga.* 585. Solicitor should not argue on such failure. *Robinson, supra.* Failure by accident, ignorance or neglect of counsel, not ground for new trial. *Dyson*, 72 *Ga.* 206; *Hudson*, 76 *Ga.* 727. 6. *Charge of the court.* Not error, in connection with the general charge, to call attention to statement's not being evidence, or not being under oath, or that defendant is under no penalty to speak truth, and not subject to cross-examination without his consent. *Ross*, 59 *Ga.* 248; *Malone*, 66 *Ga.* 539; *Wilson*, 69 *Ga.* 224; *Poppell*, 71 *Ga.* 276; *Hendricks*, 73 *Ga.* 577; *Klug*, 77

*Ga.* 734; *Ratteree, Id.* 774; *Murray,* 85 *Ga.* 378. Jury may believe or disbelieve all or any part. *Jones,* 65 *Ga.* 506; *Stewart,* 66 *Ga.* 90; *McConnell,* 67 *Ga.* 635. Restricting jury to testimony. *Cox,* 64 *Ga.* 377; *Hill, Id.* 453; *Nixon,* 75 *Ga.* 862; *Washington,* 87 *Ga.* 12. Restricting effect of statement. *Pease,* 63 *Ga.* 631; *Lovejoy,* 82 *Ga.* 87; *Harrison,* 83 *Ga.* 130. Court arguing on conflict with evidence, improper. *Tucker,* 57 *Ga.* 503. Telling jury he charges them because the law obliges him to. *McCord,* 83 *Ga.* 521. Referring to statement as "in contrast with" evidence, and as "defendant's version of it." *Bone,* 86 *Ga.* 108, 113, 118. Language of statute recommended. *Brown,* 60 *Ga.* 210; *O'Connor,* 64 *Ga.* 125; *Harrison,* 83 *Ga.* 130; *Bone,* 86 *Ga.* 108. 7. *Effect of statement* before the act of 1879, *Brown,* 60 *Ga.* 210; *Day,* 63 *Ga.* 667; *O'Connor,* 64 *Ga.* 125. After the act, *Hayden,* 69 *Ga.* 731 ; 73 *Ga.* 577. Admission proves fact admitted. *Dumas,* 62 *Ga.* 58. Not impeaching testimony. *Jones,* 48 *Ga.* 163.