## MARSH *v.* THE STATE.

No. 8369. DECEMBER 22, 1931. REHEARING DENIED JANUARY 16, 1932.

*DeLacy Allen, M. B. Peacock, Lamar Cox,* and *Howell Cobb,* for plaintiff in error.

*Robert B. Short, solicitor-general,* contra.

RUSSELL, C. J. The defendant was indicted for murder. Upon the trial he was convicted, without recommendation. His motion for a new trial was overruled, and the exception is to this judgment.

■ As to the three general grounds, counsel for the plaintiff in error in formal language insist, but do not point out wherein, the evidence was insufficient to authorize the jury to find the accused guilty of murder as charged. Nor is there any attempt to do this. We hold that the evidence was sufficient to authorize the finding of the jury; and upon this point, which has the approval of the trial judge, his discretion will not be disturbed.

■ The first special ground of the motion assigns error upon the following instruction by the court to the jury: "A person may be a principal in an offense in two degrees. A principal in the first degree is the actor or absolute perpetrator of the crime. A principal in the second degree is one who is present, aiding and abetting the act to be done. In this case a principal in the second degree and first degree, if found guilty by the jury, would receive the same punishment." In the assignment of error it is said that the foregoing instruction "is not a correct statement of law, in that the court stated that the principal in the second and in the first degree would receive the same punishment, when as a matter of fact the law provides that it is within the discretion of the jury whether or not the principal in the second degree should be punished as severely as the principal in the first degree." It is true that the defendant in his statements, both before and at the trial, insisted that he participated in the killing of the deceased at the command of Charley Sweeney. In his statement the defendant said that Charley shot Mr. Campbell (the deceased) twice, and that it was only after

Mr. Campbell had been shot twice that "I shot to keep Charley from harming me." So far as appears from anything in the record, no charge has ever been filed against Charley Sweeney, and the fact that he was in any way concerned in the death of Mr. Campbell rests entirely upon the statement of the defendant. Considering the excerpt of which complaint is made, in connection with the entire charge of the court, we can not say that it tended to confuse the minds of the jurors, or that it was for any other reason prejudicial to the defendant. Under the pleadings and evidence the jury had only one right or privilege with respect to the punishment (in case it found the accused guilty)—that being to recommend mercy or the imprisonment of the accused for life, if it so wished, instead of death as the penalty.

■ The second and third special grounds for a new trial are predicated upon the contention that the court should, without any request, have given in charge the provisions of the Penal Code, § 33, which directs the attention of the jury to the fact that one under the age of fourteen years is not presumed to be capable of committing crime, and that between the ages of ten and fourteen years it is incumbent upon the State to show that the accused has sufficient knowledge to understand the nature of his acts and to distinguish between good and evil. The validity of this assignment of error depends admittedly upon the principle that the court should have instructed the jury upon this point, regardless of any request, because it was necessary to present the only defense of the accused. We know of no reason why the general rule that a trial court is not required to give to the jury instructions upon any theory which depends for its existence solely upon the defendant's statement, unless there be presented to the court before beginning its charge an appropriate written request, should not apply to this case. Upon this point see *Hayden* v. *State,* 69 *Ga.* 731; *Underwood* v. *State,* 88 *Ga.* 47, 53 (13 S. E. 856), and cit., as well as the note at the conclusion of the opinion delivered by Mr. Chief Justice Bleckley in the *Underwood* case, the Chief Justice citing numerous rulings of this court prior to that decision, touching the prisoner's statement. From a consideration of the authorities we are of the opinion that, in the state of the law of Georgia at the present time, the point it is now attempted to raise presents nothing for the consideration of the Supreme Court, inasmuch as it appears from the motion for new

86

trial that no request for instruction upon any feature of the defendant's statement, or any theory arising therefrom, was timely requested in writing as required by law. So we are of the opinion that there is no merit in the second and third grounds of the motion.    *Judgment affirmed.   All the Justices concur.*