## 22242. WATSON v. THE STATE.

DECIDED JUNE 14, 1932.

*Ben M. Turnipseed,* for plaintiff in error.

*B. T. Castellow, solicitor-general, Bond Almand,* contra.

LUKE, J. Having been convicted of assault and battery, Ed Watson made a motion for a new trial. He excepts to the judgment overruling the motion.

J. W. Bridges testified, that in October, 1931, in Early county, Ga., the defendant struck him two blows in the head with a hammer; that on said occasion he walked up to the defendant and said, "You know you built a toilet on my land;" that defendant, who had a hammer in his right hand and an ax in his left hand, without further provocation, struck witness on the head twice with the hammer, causing the blood to fly; and that witness was sixty-three years of age, not very strong, and entirely unarmed. Jack White testified, in substance, that he saw Bridges immediately after the difficulty, "bleeding very much;" that Bridges was in his shirt sleeves, and witness never saw or heard of any pistol—that he made no search for a pistol, and did not know whether or not defendant had one; and that Bridges did not act like a drunk man, and witness saw nothing unusual in his conduct. U. Z. Bridges swore that

J. W. Bridges was his father; that his father had one pistol with which witness was familiar; that the pistol exhibited to him was not that pistol; and that he did not think that J. W. Bridges could have owned another pistol without witness' knowing of it. J. W. Bridges, recalled by the State, testified that he did not grab the defendant in the collar, or draw a pistol on him, or "jab a pistol in his face;" and that he did not drink and was not under the influence of liquor or drugs.

The defendant stated to the jury, in substance, that at a time when he was on his knees, trying to fit a handle in an ax, Bridges came up to him and said that he, defendant, had built a toilet on Bridges's land; that Bridges then put a pistol in defendant's face and seized him in the collar, and defendant "hit him on the head" in throwing up his hands to knock the pistol out of Bridges's hand; that Bridges was under the influence of "dope, whisky, or something;" that defendant got along with Bridges all right, but that when the latter was under the influence of something he would approach defendant and "growl" about defendant's having a toilet on his land; and that when defendant struck him, Bridges walked away, and defendant picked up the pistol and left the scene of the difficulty.

Unquestionably the evidence supports the verdict, and this court can not do otherwise than hold that the general grounds of the motion for a new trial were properly overruled.

In the first special ground of the motion for a new trial the defendant complains of the following charge of the court: "On the trial of an indictment for an assault or an assault and battery, the defendant may give in evidence to the jury any opprobrious words or abusive language used by the prosecutor or person assaulted or beaten; and such words and language may or may not amount to justification, according to the nature and extent of the battery,— all of which shall be determined by the jury." This instruction is in the language of the Penal Code (1910), § 103, and is of course a correct abstract proposition of law; but the criticism is that "the law of justification by opprobrious words was not an issue in said case." We agree with counsel's contention. The charge, however, appears to have been very favorable to the defendant, in that it allowed him a defense which he had no right to make. We do not think that the charge could possibly have injured the defendant, and

we hold that it was not reversible error for the reason assigned.

Special ground 2 complains of this excerpt from the court's charge: "One would have the right to defend himself against any unprovoked assault or an assault and battery sufficient to excite in the mind of a reasonable man that he was in danger." The criticism of this charge is that it "put in issue before the jury the law of reasonable fear when . . such issue was not involved." We think that the charge was warranted by the defendant's statement, and that it was favorable to him.

Special ground 3 avers that the "only issue in the case . . was self-defense (justification)," and that the court erred in not charging that defense. We see no merit in this ground. See charge complained of in special ground 2. Furthermore, there was no request to charge anywhere in the case, and no defense was raised except by the defendant's statement. We quote from *Marsh* v. *State,* 174 *Ga.* 83 (161 S. E. 817) : "It is not error, in the absence of an appropriate and timely written request, to omit to present a theory or theories dependent wholly upon the statement of the accused, although an appropriate request might require the application of the principles embodied therein." The contention in the case cited is that the trial judge should, without request, have instructed the jury upon the "only defense" of the accused. See also the following cases cited in the *Marsh* case : *Hayden* v. *State,* 69 *Ga.* 731; *Underwood* v. *State,* 88 *Ga.* 47, 53 (13 S. E. 856). The foregoing general rule has been applied again and again by both of the appellate courts of this State. There is no merit in this ground.

The last special ground avers that the court entirely failed to charge upon the theory that the defendant, in making the assault upon Bridges, was justified "in protecting himself against the prosecutor's drawing a pistol on him." The court charged the law applicable to the weight, effect, and probative value of the defendant's statement, and there was no request that the court charge as indicated in this ground. Furthermore, the charge referred to was warranted solely by the defendant's statement. See preceding ground.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*