## BARNETT v. THE STATE.

EVANS, P. J.   1. An irrelevant instruction given at the request of the counsel for the accused is not cause for a new trial; especially so, when it is apparent that such instruction was not prejudicial to the accused. *Hicks* v. *State*, 105 *Ga.* 627 (31 S. E. 579).

2. The charge on the subject of motive was a literal reproduction of the charge approved as correct in *Davis* v. *State*, 74 *Ga.* 869 (4).

3. It is not erroneous to charge in effect that flight by one accused of crime, immediately after the alleged commission of the criminal act, may be considered by the jury as a circumstance, not sufficient of itself to establish guilt, but as a circumstance in determining the guilt or innocence of the accused; and that flight should always be considered by the jury in connection with the motive that prompted it, and, at most, is only one of a series of circumstances from which guilt may be inferred. *Smith* v. *State*, 103 *Ga.* 673 (32 S. E. 851, 71 Am. St. R. 286).

4. In an instruction on the subject of dying declarations, after charging that before such declarations may be considered as evidence, the jury must be satisfied that the declaration of the deceased was actually made by him while in the article of death and conscious of his condition, it was not erroneous to charge, in immediate connection: "It is not necessary that the person whose statements are sought to be introduced should express himself as believing that he is in a dying condition. Consciousness of his condition may be inferred from the nature of the wound or from other circumstances." *Anderson* v. *State*, 122 *Ga.* 161 (50 S. E. 46).

5. On the subject of the turbulent character of the deceased, the court charged, in part, as follows: "On the subject of alleged turbulent character of the deceased, I charge you in the language of the law; the general principle is this: not that it is lawful coolly to attack and kill a person of ferocious and bloodthirsty character—for it is as much [murder] in such manner to kill the most desperate of men as to kill the most inoffensive; but that, whenever it is shown that a person honestly and non-negligently believes himself attacked, it is admissible for him to put in evidence whatever could show the bona fides of his belief. He must first prove that he was attacked; and this ground being laid, it is legitimate for him to put in evidence whatever would show he had reason to believe such attack to be felonious. . . As a general rule it is true that the slayer can derive no advantage from the character of the deceased for violence, provided the killing took place under circumstances that showed that he did not believe himself in danger. It is an acknowledged principle that if, at the time the deadly blow was inflicted, the person who inflicts has reason to believe himself in peril, without having by his fault produced the exigency, that such killing will not be murder. If the killing took place under circumstances that could afford the slayer no reasonable grounds to believe himself in peril, he could derive no advantage from the general character of the deceased for turbulence and revenge." These instructions were not open to criticism as being argumentative and containing intimations that the defendant coolly and deliberately attacked the deceased because

he had a bad character, and that the accused could derive no advantage ·
from the character of the deceased for violence. *Monroe* v. *State*, 5
*Ga.* 85; *Doyal* v. *State*, 70 *Ga.* 134; *Long* v. *State*, 127 *Ga.* 350 (56
S. E. 444).

6. Many of the grounds of the motion were not certified as true; the charge
was fair and comprehensive; the evidence was sufficient to support the
verdict, and no error appears requiring the grant of a new trial.
*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*
MARCH 14, 1911.

Indictment for murder. Before Judge Brand. Gwinnett su-
perior court. December 16, 1910.

*John R. Cooper,* for plaintiff in error.

*Hewlette A. Hall, attorney-general, Clifford Walker, solicitor-
general, J. A. Perry,* and *O. A. Nix,* contra.