### JASPER COUNTY v. BUTTS COUNTY et al.

For the reasons stated in the opinion, the court erred in rejecting the evidence as complained of, and in granting a nonsuit.

> No. 516. FEBRUARY 15, 1918.

Equitable petition. Before Judge Searcy. Henry superior court. July 9, 1917.

*Greene F. Johnson*, for plaintiff.

*W. E. Watkins, E. M. Smith, E. J. Reagan, John R. L. Smith, Grady C. Harris,* and *Hatcher & Smith*, for defendants.

GILBERT, J. The Central Georgia Power Company owns an electric-power dam and plant situated partly in Butts county and partly in Jasper county. The latter county, by a complaint in equity, contended that a portion of the dam situated in Jasper had been returned for taxation in Butts county for the year 1916. On the trial of this issue, evidence was admitted to the effect that 77,250 cubic yards of the dam was in Jasper, and 81,003 cubic yards was in Butts county; that each cubic yard of the entire dam was of the same value; and that the cost of the dam was $4.64 per cubic yard. It was also shown that the return of the company to the comptroller-general for the purpose of taxation for the year 1916 included, under the head "value of all other prop-

erty," located in Jasper county $274,502.15, located in Butts county $551,608.35; and that the amount as expressed in dollars in the return for the two counties was not in proportion to the number of cubic yards lying in the respective counties. The plaintiff offered evidence for the purpose of proving that only the dam and its accessories, including the power-house, were returned under the above-stated heading. The witness to whom the questions were propounded would have answered affirmatively to the effect stated; and also, that he was chief engineer of the Central Georgia Power Company from its inception, and until two or three years after the construction of the dam, and had knowledge thereof, that he was acquainted with the property of the company in both counties, that he knew in detail all the property that the company had in both counties, that he purchased the same, had it surveyed, and acquired for the company the title of practically all of it, that during the year 1916 he was acquainted with all of the property owned by the company in both counties, that he did not make the return for the company for taxes in 1916, but that he was familiar with the method by which the company returned its taxes, having made these returns two different years. Substantially the same question, in varied language, was propounded to this witness, with substantially the same statement to the court as to what answer was expected. The court refused to allow the witness to answer any of such questions, and error was duly assigned on these rulings. After this evidence was excluded the plaintiff closed its case; whereupon the court granted a nonsuit. The plaintiff sued out a writ of error bringing the case here for review of the rulings above stated, these being the only issues for our determination.

It was error to exclude the evidence of the witness referred to in the foregoing statement. Evidence is presumed to be admissible unless some objection is made which shows the contrary. The modern tendency is to relax rather than to restrict the rules for the admission of evidence, to the end that the discovery of truth may be aided, rather than obstructed. Where the admissibility of evidence is doubtful, the rule in this State is to admit it for the consideration of the jury under proper instructions from the court. *Central of Georgia Ry. Co.* v. *Bernstein*, 113 *Ga.* 175, 177 (38 S. E. 394). This is true even in criminal cases. *Mitchell* v. *State*, 71 *Ga.* 128, 156. The complaint being of the rejection

43

of evidence, and not of its admission over objection, the record does not disclose the grounds upon which the court excluded the evidence. The contention of the defendant upon this point is that the evidence should have been excluded because it would have been a conclusion. We can not agree that the evidence was merely a conclusion.

Had the court admitted the evidence referred to, the case made by the plaintiff would have presented an issue requiring the determination of the jury. The grant of a nonsuit was therefore erroneous.

*Judgment reversed. All the Justices concur. Beck, P. J., and Atkinson, J., concur in the judgment.*