MEDLIN <em>v.</em> THE STATE.

BECK, P. J. 1. In making his statement to the jury, as provided for by statute, the prisoner can not lay the foundation for introducing in his favor evidence that would otherwise be inadmissible. Thus, where there was nothing to show that at the time of the homicide, with the commission of which the defendant was charged, the decedent was the aggressor and was making an attack upon the accused, except the statement of the accused to that effect, evidence offered by him to prove that the decedent was a man of violent character was properly rejected. *Vaughn* v. *State*, 88 *Ga.* 731 (16 S. E. 64); *Nix* v. *State*, 120 *Ga.* 162 (47 S. E. 516).

(a) Nor did the court err in overruling the motion for a continuance, based upon the ground of the absence of witnesses subpœnaed by the defendant, by whom he expected to prove that the decedent was a man of violent character, as the testimony of these witnesses would not have been admissible under the evidence in the case as actually developed.

2. An extract, shown to be substantially correct, from a prisoner's statement made on a former trial was admissible in evidence without offering the entire statement, though it was shown that the statement made at the former trial, as taken down by the official reporter, had been lost.

3. That part of the court's charge to the jury in the following language, to wit: "No possible wrong, however heinous, will justify a killing," is not ground for the grant of a new trial, when considered in the connection in which it was used, as the court there was speaking of a past and completed wrong.

4. The court did not err in charging the jury that "one can not avenge a wrong by killing without being guilty of murder." This principle of law was not irrelevant under the facts; nor did it, when considered in connection with the context, contain an expression of opinion by the court that the accused relied upon a justification of the killing through the avenging of some wrong.

5. The court did not err in failing to instruct the jury as to the law of circumstantial evidence, as the case for the State did not rest entirely upon circumstantial evidence.

6. The grounds of the motion for a new trial not specifically dealt with show no cause for the grant of a new trial.

*Judgment affirmed. All the Justices concur.*

No. 1127.   MARCH 15, 1919.

Indictment for murder. Before Judge Mathews. Bibb superior court. August 5, 1918.

*W. D. McNeil, B. B. Renitz,* and *J. F. Urquhart,* for plaintiff in error.

*Clifford Walker, attorney-general, John P. Ross, solicitor-general,* and *M. C. Bennet,* contra.