## JASPER COUNTY *v.* BUTTS COUNTY *et al.*

ATKINSON, J. *In Jasper County* v. *Butts County*, 142 *Ga.* 576 (83 S. E. 217), it was held, in effect, that the taxable situs of the realty constituting the electrical plant of the Central Georgia Power Company was in Jasper County as to all of the property located in that county, and in Butts County as to all of the property located in Butts County; the boundary line between the two counties was also defined, so that Butts County should include the whole of the river where it separates the two counties. Afterwards Jasper County instituted another suit against the same defendants. It was alleged in the petition that a certain number of cubic yards of the dam constructed by the power company, as a part of its plant which lay in Jasper County, had been returned by the company and accepted by the comptroller-general of the State, as located in Butts County, which would give Butts County the benefit of taxes on such part of the dam; whereas the benefit should go to Jasper County. Certain figures were alleged, which showed the number of cubic yards returned in the respective counties to be in the ratio of one third to Jasper County and two thirds to Butts County. Other allegations were that there would be repetition of such returns so long as the "dam remains in its present form," and that in order to prevent a multiplicity of suits the court should decree the proportions in which the respective counties should share the taxes, presently as well as in future years. The answer of Butts County denied that there had been any improper return, and alleged that for want of information it was unable to admit or deny that similar returns would be made by the company in the future. At the trial a nonsuit was granted. On review the judgment of the trial court was reversed, the court holding also that certain evidence offered by the plaintiff was erroneously excluded. *Jasper County* v. *Butts County,* 147 *Ga.* 672 (95 S. E. 254). After that decision the plaintiff amended its petition by adding a second count which was in all respects the same as the first, except that the apportionment alleged was on the basis of the number of lineal feet of the dam in the respective counties. After that amendment the defendant, Butts County, amended its answer, alleging in substance that (*a*) in Butts County there is a natural hill or abutment to which "the artificial structure called the dam" is affixed, which is as long as the entire artificial structure, and is used to hold back the water and serve all the uses of the dam and is a part thereof, and it should be taken in consideration as a part of the dam in ascertaining the taxable value; (*b*) the value of the property located in Butts County should be determined by the use in which it is employed. This amendment was allowed over objections in the nature of a general demurrer. On the trial the jury returned a general verdict for the defendants; upon which the court rendered a decree, which among other things provided, "that the ratio of taxes to be returned to each of the counties [naming them], embraced in said return under the head of 'all other property,' be and the same is hereby adjudged to be in the future, so long as the said property remains in its present shape and form, of one third to two thirds, that

is, one third to be returned to Jasper County and two thirds to Butts County, the same being the ratio observed in the return of the Central Georgia Power Company for the year 1916, which is hereby confirmed and adopted." The plaintiff made a motion for new trial, and excepted to a judgment overruling the motion. In the bill of exceptions error was also assigned on the exceptions pendente lite duly filed to the judgment allowing the amendment to the answer; and likewise upon the decree, on the ground that it was unauthorized by the pleadings and evidence. *Held:*

1. The amendment to the plea was properly allowed.
2. The several special grounds of the motion for new trial complaining of the omission to charge show no cause for reversal.
3. There was evidence to support the finding for the defendant; and the verdict, considered in connection with the pleadings, was sufficient to authorize the decree. *Judgment affirmed. All the Justices concur.*

No. 1179. SEPTEMBER 23, 1919.

Equitable petition. Before Judge Searcy. Henry superior court. August 17, 1918.

*W. H. Key* and *Greene F. Johnson*, for plaintiff.

*E. M. Smith, E. J. Reagan, W. E. Watkins*, and *Hatcher & Smith*, for defendants.