## BROOKS *v.* THE STATE.

GILBERT, J. 1. Neither the evidence nor the defendant's statement authorized the court to give in charge to the jury the provisions of the Penal Code, § 75: "All other instances which stand upon the same footing of reason and justice as those enumerated shall be justifiable homicide." Accordingly it was not error to refuse the written request so to instruct the jury. Compare *Jackson* v. *State*, 135 *Ga.* 684 (2-*a*), 685 (70 S'. E. 245).

(*a*) The court submitted the issue of voluntary manslaughter under appropriate instructions relative to a killing as the result of a sudden, violent impulse of passion caused by the defendant coming upon his wife and another under circumstances indicative of infidelity and lascivious conduct.

2. No cause for reversal is shown by a refusal to charge § 76 of the Penal Code, which declares: " The homicide appearing to be justifiable, the person indicted shall, upon the trial, be fully acquitted and discharged." The general charge informed the jury that the defendant could not be convicted unless proved guilty beyond a reasonable doubt, and fully instructed them as to the defense of justifiable homicide, and that the verdict might be for murder, voluntary manslaughter, or, if the jury had "any doubt" as to the guilt of the defendant, they should find him not guilty. *Taylor* v. *State*, 121 *Ga.* 348 (10), 356 (49 S'. E. 303); *Worley* v. *State*, 136 *Ga.* 231 (71 S. E. 153).

3. There was no evidence to show that at the time of the homicide the decedent was the aggressor and was making an attack upon the accused; therefore the court did not err in refusing to admit evidence offered by the accused to show the character of the deceased for "turbulence and violence." The statement of the accused cannot lay the foundation for introducing evidence in his favor which would otherwise be inadmissible. *Doyal* v. *State*, 70 *Ga.* 130; *Daniel* v. *State*, 103 *Ga.* 202, 204 (29 S. E. 767); *Nix* v. *State*, 120 *Ga.* 162 (47 S'. E. 516); *Barnett* v. *State*, 136 *Ga.* 65 (5) (70 S. E. 868); *Crawley* v. *State*, 137 *Ga.* 777 (2), 779 (74 S. E. 537); *Medlin* v. *State* 149 *Ga.* 23 (98 S. E. 551).

4. The remaining assignments of error fail to show cause for the grant of a new trial, and are not of such character as to require special mention. *Judgment affirmed. All the Justices concur.*

No. 2197. DECEMBER 15, 1920.

Indictment for murder. Before Judge Mathews. Bibb superior court. July 28, 1920.

Evidence for the State showed that defendant and the deceased, his wife, had been separated for some weeks; that she was living temporarily at the home of one Burnett; that on the night of the shooting the defendant went to the home of Burnett and asked to see his wife; that she refused to see him, stating that he had come there for "devilment," whereupon the defendant stated that she was afraid of him, and surrendered to Burnett a pistol and re-

quested that he be searched in order that she might be satisfied that he did not have another; that Burnett made a casual examination and reassured the deceased that the defendant did not have even a knife; that she still declined to see the defendant, and he turned to go away, but stopped and shot her with another pistol, and then ran away; that Burnett, fearing that the defendant would return, procured his shotgun and fired two shots in order to frighten him. The defendant offered no evidence, but claimed that he went to Burnett's home and asked to see his wife, but was told by Burnett that she would not see him; that Burnett and the deceased were at the time occupying the same bed; that he requested Burnett to open the door, and Burnett rushed to the door with his pistol and began shooting; that he shot at Burnett and struck the deceased. Burnett and his fifteen-year-old daughter testified that he and the deceased were occupying separate rooms, and that the daughter was occupying the bed with, the deceased.

*John R. Cooper* and *W. O. Cooper Jr.*, for plaintiff in error.

*R. A. Denny, attorney-general, Charles H. Garrett, solicitor-general,* and *Graham Wright,* contra.