## CHAPMAN v. THE STATE.

In making his statement to the jury, as provided for by statute, the prisoner can not lay the foundation for introducing in his favor evidence that would otherwise be inadmissible. Thus, where there was nothing to show that at the time of the homicide, with the commission of which the defendant was charged, the decedent was the aggressor and was making an attack upon the accused, except the statement of the accused to that effect, evidence offered by him to prove that the decedent was a man of violent character was properly rejected.

No. 3481. APRIL 10, 1923.

Indictment for murder. Before Judge Kent. Laurens superior court. August 26, 1922.

*R. I. Stephens* and *Fred Kea,* for plaintiff in error.

*George M. Napier, attorney-general, E. L. Stephens, solicitor-general,* and *Seward M. Smith, asst. atty.-gen.,* contra.

BECK, P. J. Fleta Chapman was tried and convicted under an indictment charging her with the murder of William Chapman. After a verdict of guilty with a recommendation was returned, she made a motion for new trial, which was overruled.

During the progress of the trial counsel for the accused propounded questions to three different witnesses, intended to elicit evidence to the effect that the deceased was a man of bad character, being turbulent and violent in disposition. The court sustained objections made by the solicitor-general to these questions, and ruled out the testimony intended to show that the deceased was a man of turbulent and violent character. The ruling of the court excluding this evidence was not error, in the absence of evidence tending to show that at the time the accused shot and killed him he was making any assault upon her or attempting to commit violence upon her, or was in any way the aggressor. "There was no evidence to show that at the time of the homicide the decedent

was the aggressor and was making an attack upon the accused; therefore the court did not err in refusing to admit evidence offered by the accused to show the character of the deceased for ' turbulence and violence.' The statement of the accused can not lay the foundation for. introducing evidence in his favor which would otherwise be inadmissible. *Doyal* v. *State,* 70 *Ga.* 130; *Daniel* v. *State,* 103 *Ga.* 202, 204 (29 S. E. 767); *Nix* v. *State,* 120 *Ga.* 162 (47 S. E. 516); *Barnett* v. *State,* 136 *Ga.* 65 (5) (70 S. E. 868); *Crawley* v. *State,* 137 *Ga.* 777 (2), 779 (74 S. E. 537); *Medlin* v. *State,* 149 *Ga.* 23 (98 S. E. 551)." *Brooks* v. *State,* 150 *Ga.* 732 (105 S. E. 362). While a part of the defendant's statement shows that the decedent was the aggressor, this is not sufficient to authorize the introduction of evidence to show that the decedent was a man of violent and turbulent character. It has been held in several other decisions rendered by this court that the statement of the accused can not lay the foundation for introducing evidence to show the character of the decedent for violence and turbulence. In the case of *Doyal* v. *State,* 70 *Ga.* 134, it was said: " A defendant charged with murder can introduce proof that the deceased was a person of violent and turbulent character, only where it is shown prima facie that the prisoner had been assailed and was honestly seeking to defend himself." In *Medlin* v. *State,* 149 *Ga.* 23 (98 S. E. 551), it was held: " In making his statement to the jury, as provided for by statute, the prisoner can not lay the foundation for introducing in his favor evidence that would otherwise be inadmissible. Thus, where there was nothing to show that at the time of the homicide, with the commission of which the defendant was charged, the decedent was the aggressor and was making an attack upon the accused, except the statement of the accused to that effect, evidence offered by him to prove that the decedent was a man of violent character was properly rejected. *Vaughn* v. *State,* 88 *Ga.* 731 (16 S. E. 64); *Nix* v. *State,* 120 *Ga.* 162 (47 S. E. 516)." Decisions to this effect might be multiplied, but the rule is well established and is generally recognized.

The general grounds of the motion are not insisted on in the brief of counsel for plaintiff in error.

*Judgment affirmed. All the Justices concur.*