## THORNTON *et al.* v. PARKER *et al.*

No. 17662. ARGUED NOVEMBER 13, 1951—DECIDED JANUARY 16, 1952.

634

*Wheeler, Robinson & Thurmond*, for plaintiffs.
*Perry S. Oliver* and *G. Fred Kelley*, for defendants.

HEAD, Justice. ■ Ground 1 of the amended motion for new trial assigns as error a portion of the charge of the court. It is contended that the first sentence of this portion of the charge submitted to the jury as an issue of fact whether or not S. M. Ledford was a notary public for the State of Georgia at large, when the uncontradicted evidence showed that he was not.

The record contains a statement of S. M. Ledford that to the best of his recollection he was never a notary public for the State of Georgia at large, and a certificate of the Secretary of State that S. M. Ledford was a never notary public for the State at large. Counsel for the defendant stipulated in the record that S. M. Ledford was not a notary public for the State at large, and there was no issue on this question for the jury to determine.

It is contended that the second sentence of this portion of the charge, "If you believe that S. M. Ledford was not a notary public of the State of Georgia at large, that that would be evidence as a badge of forgery in this case," is an incorrect statement of the law. Counsel for the plaintiff rely upon that line of authorities which hold that, where a certificate from the Secretary of State shows that the person signing officially as a justice of the peace was not, in fact, a justice of the peace at the time of the alleged execution of the deed under attack, such certificate is conclusive evidence that the deed was forged, unless rebutted by other proof. See *Durham* v. *Holeman*, 30 *Ga.* 619; *Williams* v. *Goodall*, 60 *Ga.* 483; *Patterson* v. *Collier*, 75 *Ga.* 419 (58 Am. R. 472) ; *Parker* v. *Waycross & Florida R. Co.*, 81 *Ga.* 387 (8 S. E. 871) ; *Durham Coal & Coke Co.* v. *Wingfield*, 142 *Ga.* 725, 727 (83 S. E. 683).

The authorities relied upon by counsel for the plaintiffs are not entirely applicable to the facts of the present case. While under the record S. M. Ledford was not a notary public for the State at large, the uncontradicted certificate of the Clerk of the Superior Court of Gwinnett County shows that Mr. Ledford was, in fact, a notary public in and for the County of Gwinnett at the time of the alleged execution of the deed, and he was therefore qualified under the law to witness deeds.

The remainder of the charge under attack in this ground is as follows: "If you believe from the evidence, by the circumstantial

evidence in the case, that he was a notary public of Gwinnett County at that time, and for some reason or other the instrument shows notary public State at large, you may take into consideration, gentlemen, as determining whether he was exceeding his authority at the time that deed was witnessed, and that is a matter for you to determine along with all of the other evidence in the case."

There was no circumstantial evidence that S. M. Ledford was a notary public of Gwinnett County. By agreement of counsel, and due to the physical inability of Mr. Ledford to attend court, his affidavits were offered in evidence. In neither affidavit did he state directly that he was ever a notary public of Gwinnett County. The evidence on this issue was the certificate of the clerk of the superior court to the effect that Mr. Ledford was a notary public for Gwinnett County at the time of the alleged execution of the deed. There was no direct evidence that the deed was ever executed by R. W. Thornton, nor was there any direct evidence that the deed was witnessed by S. M. Ledford, his statement being that he had no recollection of witnessing such a deed.

The charge, that "you may take into consideration . . as determining whether he was exceeding his authority at the time that deed was witnessed," assumes the execution of the deed by R. W. Thornton and that the deed "was witnessed" at that time. Whether or not R. W. Thornton signed the deed, and its execution by the alleged witnesses, were questions of fact for determination by the jury. The court could not properly limit the questions at issue to the question as to whether or not one of the alleged witnesses purported to act beyond the scope of his authority.

Ground 2 assigns as error the following charge of the court: "I charge you, gentlemen, that, if you believe the claimed original deed is lost or destroyed, it may yet be sustained by a preponderance of the evidence of other proven facts and circumstances that it is a genuine deed. In that connection, I charge you that on this issue of forgery, it is contended that Fred Rowe, one of the defendants, is responsible for the alleged forgery of the name of the witness to said deed and of forging the name of R. W. Thornton thereto."

It is asserted that the plaintiffs made no contention by any pleading that the defendant, Fred Rowe, was responsible for the alleged forgery of the name of R. W. Thornton to the deed. Neither the original petition, nor the affidavit of forgery, alleges that any named person forged the name of R. W. Thornton to the deed, nor do the pleadings allege who may have forged the name of one of the alleged witnesses, J. L. Webb. The clerk of the superior court testified that Fred Rowe brought a deed to his office to be recorded, which he believed to be the same deed that was subsequently recorded; that he had refused to record it because it had only one witness, and that Fred Rowe returned with the deed with the name of J. L. Webb added in ink of a different color. One of the witnesses for the plaintiffs in his testimony stated that, in view of these circumstances, he believed that Fred Rowe was responsible for the alleged forgery of the name of J. L. Webb to the deed under attack. The testimony of this witness, however, did not authorize the court to instruct the jury that Fred Rowe was alleged to be responsible for the forgery of the name of R. W. Thornton to the deed.

Ground 3 assigns as error the following charge: "In considering the issue of fact in this case under the contentions of the plaintiffs, if you believe from the evidence in the case that one of the heirs at law of W. H. Rowe, deceased, other than Fred Rowe and while Fred Rowe was not there, but working and living elsewhere, found the original deed among the private papers of W. H. Rowe after his death, and if you further believe from the evidence that, at the time said deed was found among said private papers, it had the names of two witnesses thereon and the name of R. W. Thornton, the alleged grantor, affixed thereto, and if you believe from the evidence, the party that found said deed later turned the deed over to said Fred Rowe, and that the names of the grantor and the witnesses were on said deed at that time, and if you further believe from the evidence that that was the deed that was recorded, then, I charge you that you could not find that Fred Rowe forged or caused said deed to be forged, and if you believe that to be the facts of the case, it would be your duty to return a verdict finding the deed to be a genuine deed from R. W. Thornton to W. H. Rowe."

It is contended that there was no evidence by which the jury could have found that the particular deed in question had the names of two witnesses thereon and the name of R. W. Thornton; that this charge required the jury to find that Fred Rowe forged the deed, or caused it to be forged, or to return a verdict finding the deed to be genuine; and the charge amounted to an expression of opinion that Fred Rowe did not forge the deed, or cause it to be forged.

As previously stated, there was no direct evidence that R. W. Thornton ever executed the deed in question, or that either of the alleged witnesses ever signed the deed. The deed itself was lost, according to the testimony of the defendant and his witnesses, under circumstances described by them. There could be no proof of signatures. The defendants relied upon circumstantial evidence to sustain their contention that R. W. Thornton did, in fact, convey the lands described to W. H. Rowe. Neither the pleadings of the plaintiffs, nor their evidence, undertook to point out any particular person as responsible for the alleged forgery of the name of R. W. Thornton. The deed could have been forged by some person other than Fred Rowe even under the factual statement set forth by the court. Under the instruction of the court here complained of, and regardless of any other finding by the jury as to forgery, unless the jury believed that Fred Rowe forged the deed, it was their duty to return a verdict for the defendant. The charge under attack unduly limited and restricted the jury on the issue of forgery.

It is a general rule of force in this State that the charge of the court must be adjusted to both the pleadings and the evidence. *Futch* v. *Jarrard*, 203 *Ga.* 47, 51 (45 S. E. 2d, 420), and cases cited. It is harmful error requiring the grant of a new trial for the court to submit to the jury issues not made by the pleadings and the evidence. *City of Atlanta* v. *Blackman Health Resort*, 153 *Ga.* 499 (113 S. E. 545); *Haslerig* v. *Watson*, 205 *Ga.* 668 (54 S. E. 2d, 413).

Ground 4 assigns as error a charge of the court with reference to the return of the lands in question for taxation and the payment of taxes thereon. This charge was not adjusted to the evidence in the case. The trial judge recognized the error of the charge and attempted to withdraw it from the consideration

of the jury. While the jury might have been confused as to whether or not all of this portion of the charge was withdrawn from them, this confusion will most likely not occur on another trial of the case.

■ Ground 5 assigns as error the refusal of the court to give in charge to the jury a request in writing. The request as made was not entirely adjusted to the evidence in the case, and would not have correctly presented to the jury the issue as to the effect of a deed signed by a person who was authorized to sign it in an official capacity, but not in the capacity shown by the deed. The court did not err in refusing to give the requested charge.

Ground 6 assigns as error the failure of the court to give in charge, without request, certain principles of law. This ground of the motion is subject to the same ruling applicable to ground 5.

■ It is strongly urged by counsel for each of the parties that the evidence in the case demanded a finding for their respective clients. A careful analysis of all of the evidence demonstrates that an issue was made for the jury to pass upon, and a verdict was not demanded as a matter of law for either of the parties. It follows that the verdict rendered was not without evidence to support it.

*Judgment reversed. All the Justices concur.*