34657.   HART *et al. v.* THE STATE.

CARLISLE, J.   Dessie and Bud Hart were jointly indicted and tried for murder, both were found guilty of voluntary manslaughter, their motion for a new trial, based upon the usual general grounds and two special grounds, was overruled, and they have appealed.   One ground of complaint in their motion for new trial which we think is decisive of the case is that the trial court at the close of the evidence for the State, over objection of the defendants, granted counsel for the State the right to the opening and concluding argument, although the defendants had introduced no evidence but had merely made their statements during the making of which one of the defendants exhibited to the jury certain clothing, but this was never introduced in evidence.

1. In every criminal case, counsel for the State has the right to open and conclude the argument, except where the accused introduces no evidence.   Code § 27-2201; *Mize* v. *State,* 135 *Ga.* 291 (2) (69 S. E. 173).
2. The right to open and conclude to the jury is an important right, and an improper denial of it will work a reversal.   *Phelps* v. *Thurman,* 74 *Ga.* 837; *Seyden* v. *State,* 78 *Ga.* 105; *Chapman* v. *Atlanta & West Point R.,* 74 *Ga.* 547; *Haywood* v. *State,* 14 *Ga. App.* 114 (80 S. E. 213).
3. The making of a statement by the defendant, where he introduces no other evidence, entitles him to the opening and concluding arguments.   *Seyden* v. *State,* supra; *Farrow* v. *State,* 48 *Ga.* 30 (3).
4. The privilege of the accused under the law allowing him to make a statement to the jury is exceedingly broad, yet it has been stated by our courts that the defendant in his statement can not lay the foundation for the introduction of evidence which is otherwise inadmissible (*Vaughn* v. *State,* 88 *Ga.* 731 (2) 16 S. E. 64; *Medlin* v. *State,* 149 *Ga.* 23, 98 S. E. 551; *Chapman* v. *State,* 155 *Ga.* 393, 117 S. E. 321); and it has been held that it is not error to refuse to allow the defendant to read to the jury from papers and documents not introduced in evidence (*Wells* v. *State,* 97 *Ga.* 209 (2), 22 S. E. 958; *Allen* v. *State,* 150

*Ga.* 706 (3), 105 S. E. 369; *Nobles* v. *State,* 127 *Ga.* 212 (4), 56 S. E. 125; *Nero* v. *State,* 126 *Ga.* 554, 55 S. E. 404); yet it has never been held in this State, insofar as we are aware, that, where a defendant in making his statement reads inadmissible documents or exhibits inadmissible objects to the jury, this action in and of itself constitutes the documents or objects to be evidence even though they are never introduced. In *Nobles* v. *State,* supra, it was said: "If the accused desires the full benefit of evidence of this character [a map which the defendant exhibited to the jury], he must introduce the same in evidence and take the consequences of offering evidence, thereby forfeiting the right to a concluding argument by his counsel." In *Freeney* v. *State,* 129 *Ga.* 759, 765 (59 S. E. 788), Justice Lumpkin expressed it as his strong opinion that, where a defendant read receipts in making her statement to the jury but did not introduce them formally in evidence, such action would not deprive her counsel of the right to open and conclude the argument if she had not otherwise introduced evidence. We share that learned Justice's opinion. While the trial court in the present case would not have erred, under the authorities referred to above, in refusing the defendant the right to use the clothing to illustrate that the deceased was attacking the defendant with a screw driver, having failed to do so at the request of the solicitor-general, we think that the court could not cure that error by depriving the defendants of their right to the opening and concluding argument where they introduced no evidence, and the case must be remanded for a new trial.

5. The error assigned in the second special ground of the motion for a new trial is not likely to recur on the new trial and is not considered at this time.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 9, 1953.

*Field & Hancock,* for plaintiffs in error.

*Erwin Mitchell, Solicitor-General, Beverly Langford, Assistant Attorney-General,* contra.