35159. TRUITT *v.* THE STATE.

DECIDED MAY 13, 1954.

*Garland & Alaimo,* for plaintiff in error.

*Wright Lipford, Solicitor-General,* contra.

TOWNSEND, J. The single assignment of error complains of

an excerpt from the charge of the court, which appears in the record as follows: "Gentlemen, a defendant charged with the offense of murder can introduce proof that the deceased was a person of violent and turbulent character, only when it is shown, prima facie, that the defendant has been assailed and was honestly trying to defend himself. The general principle is this: Not that it is lawful to coolly attack and kill a person of ferocious and blood-thirsty character, for it is as much murder in such manner to kill the most desperate of men whenever it is shown that a person honestly and non-negligently believes himself attacked, it is admissible for him to put in evidence whatever could show the bona fides of his belief. He must first prove that he was attacked, and this ground laid, it is legitimate for him to put in evidence whatever could show he had reason to believe such attack to be felonious. It is true, as a general rule, that the slayer can derive no advantage from the character of the deceased for violence, provided the killing took place under circumstances that showed he did not believe himself in danger, if at the time the deadly blow was inflicted, the person who inflicted it had well founded reasons to believe himself in peril, then such killing would not be murder."

(a) It is first contended that this charge deprived the defendant, in effect, of his defense of justifiable homicide because it in effect instructed the jury that, even if he honestly and non-negligently believed himself attacked, he could not kill in self-defense. However, the fault appears to lie, not in the sense of the charge, but in the punctuation, which gives the effect of a contradiction not existing in fact. Punctuated as follows, the meaning is clear: "The general principle is this—not that it is lawful to coolly attack and kill a person of ferocious and blood-thirsty character, for it is as much murder in such manner to kill the most desperate of men. Whenever it is shown that a person honestly and non-negligently believes himself attacked, it is admissible for him to put in evidence whatever could show the bona fides of his belief. . . It is true, as a general rule, that the slayer can derive no advantage from the character of the deceased for violence, provided the killing took place under circumstances that showed he did not believe himself in danger. If, at the time the deadly blow was inflicted, the person

who inflicted it had well founded reasons to believe himself in peril, then such killing would not be murder." So punctuated, the words take on both a correct grammatical form and a precise legal meaning, whereas any other interpretation of the words results in a forced, contradictory, and confusing meaning, which could not have been so intended, or so understood by the jury. The charge therefore cannot be held to have deprived the defendant of his defense of justifiable homicide.

(b) The excerpt from the charge here given was obviously taken almost verbatim from the charge approved in *Barnett* v. *State*, 136 *Ga.* 65 (5) (70 S. E. 868), and was there approved in the holding that it was not open to criticism as being argumentative, or containing an intimation that the defendant deliberately attacked the deceased because of his bad character, or that the accused could derive no advantage from the bad character of the deceased for violence. A part of the charge, including the word "non-negligently," of which specific complaint is made in the assignment of error, is contained in Wharton's Criminal Evidence (11th ed.), § 339. It contains an accurate statement of the law as to the extent to which the bad character of the deceased for violence and turbulence may be relied upon by the accused, in connection with his plea that he acted in self-defense under the fears of a reasonable man, and was not error for any reason assigned.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*