## 36434. MAXWELL *v.* THE STATE.

Decided November 21, 1956.

*Bobby Lee Cook,* for plaintiff in error.

*Earl B. Self, Solicitor-General,* contra.

GARDNER, P. J. The only issue before this court is whether or not the court committed reversible error in refusing to allow the knife to be introduced for the consideration of the jury. It is our opinion that there is no doubt that the knife in controversy was a deadly weapon and perhaps the admissibility of the knife was doubtful. The Supreme Court said in *Mitchell* v. *State*, 71 *Ga.* 128, 156: "In view of the well-settled rule that penal laws are to be strictly construed in favor of the life or liberty of the accused, and that as against the State, in furtherance of the same benignant and merciful purpose, they are to be so interpreted as to have all the temperament of justice and equity of which they are fairly susceptible, not incompatible with the safety of the community. We conclude that the testimony of this witness should have been received. To say the very least, his competency was no more than doubtful. And in all such cases the well established practice is to admit the evidence and allow the jury to pass upon the circumstances affecting its competency in determining its credibility and weight." See also *Jasper County* v. *Butts County*, 147 *Ga.* 672, 673 (95 S. E. 254), as follows: "Where the admissibility of evidence is doubtful, the rule in this State is to admit it for the consideration of the jury under proper instructions from the court. *Central of Georgia Ry. Co.* v. *Bernstein*, 113 *Ga.* 175, 177 (38 S. E. 394). This is true even in criminal cases."

In our opinion the cases called to our attention by the solicitor-general do not sustain the contention of the State. Those cases are: *Nix* v. *State*, 120 *Ga.* 162 (2) (47 S. E. 516); *Chapman* v. *State*, 155 *Ga.* 393 (117 S. E. 321); *Nolan* v. *State*, 14 *Ga. App.* 824 (2) (82 S. E. 377); *Theis* v. *State*, 45 *Ga. App.* 364 (1) (164 S. E. 456), and *Hart* v. *State*, 88 *Ga. App.* 334 (4) (76 S. E. 2d 561). The State contends that the ruling as to the admissibility of the knife was harmless to the defendant, since the witness officer held the knife in plain view of the jury, and since the jury could see it, the jury thereby getting the correct idea of the knife the same as if it had been introduced. We cannot see as a matter of law that the State's contention as to this issue is correct.

The court committed reversible error in refusing to allow the knife in evidence.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*