## 22556. PICKLER v. THE STATE.

QUILLIAN, Justice. 1. An indictment which charges the accused in one count with robbery by force and robbery by use of an offensive weapon accuses him not of separate offenses but of different grades or species of the same offense, and is not subject to demurrer on the ground of duplicity. *Long v. State,* 12 Ga. 293, 314; *Lampkin v. State,* 87 Ga. 516 (2) (13 SE 523).

2. The trial judge in the present case charged the jury: "Gentlemen, under the law of this State, the defendant has a right to make a statement if he sees fit to do so. That statement shall not be under oath and the jury trying the case shall give such weight and credit to it as they think it is entitled to receive. You may believe the statement as made by the defendant in preference to the sworn testimony in the case. In the alternative the defendant shall have the right to announce in open court that he desires to be sworn and if sworn he shall be examined and cross examined as any other witness." A ground of the amended motion for new trial alleges the defendant did not make an unsworn statement, but was sworn and examined as a witness. The exceptions to the quoted

charge presented in the ground of the amended motion are in substance that it was not adjusted to the facts shown by the record in that the defendant made no unsworn statement, and that it was confusing in that while it alluded to the accused's right to be sworn as a witness, the jury was given no instructions as to what weight or credit was to be given, nor instructions as to the principles applicable in considering his sworn testimony, except those principles applicable in deciding the weight and credit to be given to unsworn statements, and was left in doubt as to whether the defendant's testimony should be considered as having been given under oath.

The charge was not adapted to the record and not applicable in a case where the accused testified as a witness. The charge was, for the reasons contended by the defendant, confusing and did deprive the defendant of the benefit of having his testimony considered as sworn testimony and not as an unsworn statement. Ga. L. 1962, pp. 133, 134 (*Code Ann.* § 38-415). As was held in *Sikes v. Sikes,* 153 Ga. 725 (2) (113 SE 416, 24 ALR 1324): "Generally a charge by the court to the jury must be authorized by the evidence; and where a charge, though abstractly correct, is given which is not so authorized and which is calculated to confuse and mislead the jury, such charge will generally require a new trial." *Thornton v. Parker,* 208 Ga. 633, 638 (68 SE2d 695).

The error was, contrary to the State's contention, hurtful to the defendant. The case of Ferguson v. Georgia, 365 U.S. 570, 581 (81 SC 756, 5 LE2d 783), which holds it is an advantage to the defendant to have his testimony considered as sworn testimony, quotes with approval the text: "We have always been of [the] opinion, that the law permitting criminals to testify would aid in the detection of guilt; we are now disposed to think that it will be equally serviceable for the protection of innocence. I Am. L. Rev. 396. See also 14 Am. L. Reg. 129." The Ferguson case cites in support of the view many opinions of this court which definitely point out the advantage of sworn testimony over an unsworn statement. *Underwood v. State,* 88 Ga. 47 (13 SE 856); *Vaughn v. State,* 88 Ga. 731 (16 SE 64); *Medlin v. State,* 149 Ga. 23 (98 SE 551); *Chapman v. State,* 155 Ga. 393 (117 SE 321); *Prater v. State,* 160 Ga. 138 (127 SE 296); *Willingham v. State,* 169 Ga. 142 (149 SE 887); *Douberly v. State,* 184 Ga. 573 (192

SE 223); *Allen v. State,* 194 Ga. 430 (22 SE2d 65); *Cofer v. State,* 213 Ga. 22 (96 SE2d 601). In the cases cited much emphasis is put upon the difference in the grade of proof between sworn testimony and an unsworn statement, and they make very clear that, while the jury may believe an unsworn statement in preference to the sworn testimony given on the trial of a criminal case, the sworn testimony is ordinarily ascribed more weight and credit than an unsworn statement.

The trial judge erred in overruling the ground contained in the amended motion for new trial.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., and Candler, J., who dissent.*

SUBMITTED JULY 13, 1964—DECIDED SEPTEMBER 11, 1964.

*William T. Brooks,* for plaintiff in error.

*William T. Boyd, Solicitor General, J. Robert Sparks, William E. Spence, J. Walter LeCraw, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.

DUCKWORTH, Chief Justice, dissenting. I dissent from the ruling in Headnote 2 and the judgment of reversal because even though the court committed error in its charge, it was harmless error and not detrimental to the accused.

Candler, J., concurs in this dissent.