## 24329. WILLIAMS v. THE STATE.

Submitted October 9, 1967—Decided November 9, 1967.

*W. C. Hawkins, E. W. Hill,* for appellant.

*Cohen Anderson, Solicitor General, Thomas M. Odom, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Joel C. Williams, Jr.,* for appellee.

Mobley, Justice. This is a companion case to that of *Arkwright v. State,* 223 Ga. 768, the two defendants having been jointly indicted for rape, but tried separately. The defendant Williams was found guilty of rape without recommendation of mercy and sentenced to death. From that verdict and judgment he entered this appeal, enumerating four errors which form the basis of his request for new trial.

■ There is no merit in the contention made in Enumeration of error 1, that the court erred in admitting testimony of the victim regarding the commission of a separate and distinct crime, to wit, robbery, by the other defendant (Willie Arkwright) who was not on trial, as the evidence was a part of the res gestae and was admissible. As the evidence set out in *Arkwright v. State,* supra, shows, the defendant and Arkwright went

to the home of the victim and both raped her. Arkwright demanded her money and took $10 from her, and the defendant snatched her wedding ring and band from her finger, all of which was a part of one transaction. One of the exceptions to the rule that on prosecution for a particular crime evidence which tends to show that the defendant committed another crime wholly independent from that for which he is on trial is irrelevant and inadmissible, is where the other crime is a part of the res gestae. See *Floyd v. State,* 143 Ga. 286 (2) (84 SE 971); *Hill v. State,* 161 Ga. 188 (2) (129 SE 647); *Wilson v. State,* 173 Ga. 275 (2) (160 SE 319); *Thornton v. State,* 209 Ga. 51 (2) (70 SE2d 733). The taking of the money and rings was an inseparable part of the commission of the crime of rape.

■ Enumeration of error 2 alleges that: "The court erred in admitting the testimony of the victim that the other defendant, who was not on trial, had on one occasion stopped at the home of the victim, the testimony failing to show that the appellant was present or in any way connected with said occurrence."

The victim testified that after Arkwright had demanded her money and had choked her to the floor twice there in the house, she said to him, "I know you, you've been here before and I was nice to you," and then he said to the defendant, "Yes, she knows me, we've got to bump her off." The wife of Arkwright testified that she and her husband stopped at the victim's house a short time before the date of the alleged rape and her husband talked with the victim, who told him that her husband was not at home and her baby was sick and she could not help him get a tire fixed, which he said was flat. This evidence shows that Arkwright knew where this lady lived, and that she was there alone with her child, with no close neighbors; and it was material on the issue of whether Arkwright and the defendant had formed a conspiracy to rob and rape this lady, which the evidence shows they did. There was no error in admitting the evidence.

■ It was not error for the court to charge the law of alibi, as contended in Enumeration of error 3, where the defendant, testifying as a witness in his own behalf, stated that he was at some other place distant from where the crime was committed at the time it occurred. See *Code* § 38-122; *Westbrook v. State,*

91 Ga. 11 (1) (16 SE 100); *Taylor v. State,* 155 Ga. 785 (1) (118 SE 675); *Henderson v. State,* 207 Ga. 206 (1) (60 SE2d 345); *Kitchens v. State,* 209 Ga. 913 (2) (76 SE2d 618); *Hogan v. State,* 221 Ga. 9 (3) (142 SE2d 778).

■ Enumeration of error 4 alleges that: "The court erred in charging the jury on the right of the prisoner to be sworn as a witness without explaining to the jury the effect of such testimony." The court charged that the defendant could testify in his own behalf, if he wished to do so, and be sworn and cross examined as any other witness.

It was not error as contended by the defendant for the court not to charge what weight or credit should be given his testimony. The jury would be authorized to give his testimony such weight and credit as that of any other witness. If the defendant desired additional instructions, he should have requested them.

The case of *Pickler v. State,* 220 Ga. 224 (138 SE2d 171) (Chief Justice Duckworth dissenting on the ground that the error was harmless), relied upon by the defendant, is distinguishable from this case. The court there charged that the defendant can make a statement not under oath and the jury shall give it such weight and credit as they think it is entitled to receive, and may believe it in preference to the sworn testimony; and followed that instruction with the statement: "In the alternative the defendant shall have the right to announce in open court that he desires to be sworn and if sworn he shall be examined and cross examined as any other witness." The defendant in that case had not made an unsworn statement, but testified under oath. The court held that the charge was not adapted to the record and not applicable to a case where the accused testified as a witness, and that the charge was confusing and deprived the defendant of the benefit of having his testimony considered as sworn testimony, and not as an unsworn statement. Since there was no charge on an unsworn statement in the present case, the confusion referred to in *Pickler v. State,* 220 Ga. 224, supra, could not have arisen from this charge.

Clearly the charge, to which no objection was made on failure of the court to charge the effect of the testimony of the defendant, was not harmful as a matter of law, which under Ga. L.

1966, pp. 493, 498 (*Code Ann.* § 70-207 (c)), would be required for this court to reverse for failure to give additional instructions. *Judgment affirmed. All the Justices concur.*