## 27855. BLACK v. THE STATE.

NICHOLS, Justice. 1. This appeal arises from the appellant's conviction of the murder of her divorced husband. The evidence for the state authorized a finding that the deceased was shot four times, that after the deceased was shot the defendant beat him on the head with her shoe, and that the defendant was seen just a few minutes before the shooting looking for the deceased with a pistol in her hand and threatening to kill the deceased because of an assault on the defendant by the deceased the prior night. The evidence authorized the conviction.

2. On the trial of the case counsel for the defendant

objected to a question asked a witness for the state as being repetitious, while on appeal it is contended that such question was leading. A review of the transcript shows that the question was neither repetitious nor leading. Accordingly, such enumeration of error is without merit.

3. "It is well established by decisions of this court that general character for violence of the deceased can not be established by specific acts. *Warrick v. State,* 125 Ga. 133 (6) (53 SE 1027); *Doyal v. State,* 70 Ga. 134 (5). . . . 'Proof of violent and turbulent character of the deceased is admissible only when it is shown prima facie that the deceased was the assailant, that the accused had been assailed, and that the defendant was honestly seeking to defend himself.' *Weaver v. State,* 220 Ga. 598, 605 (37 SE2d 802). See also *Smithwick v. State,* 199 Ga. 292, 295 (34 SE2d 28)." *Campbell v. State,* 222 Ga. 570, 573 (151 SE2d 132).

Prior to the enactment of the Act of 1962 (Ga. L. 1962, pp. 133, 134; Code Ann. § 38-415), the unsworn statement of a defendant was insufficient to authorize the introduction of sworn testimony of other witnesses as to violent and turbulent character of the deceased. See *Chapman v. State,* 155 Ga. 393 (117 SE 321), and cit. Under the provisions of the Act of 1962, supra, the sworn testimony of a defendant has the same evidentiary value as that of any other witness. *Hogan v. State,* 221 Ga. 9, 12 (142 SE2d 778). Accordingly, the testimony of the defendant that the deceased was the aggressor at the time she shot him was sufficient to permit evidence of the violent and turbulent character of the deceased, but upon direct examination of witnesses for the defendant questions relating to how the deceased acted under specific circumstances (when he was drunk) was an attempt to adduce evidence as to specific acts to show his violent and turbulent character and was properly excluded.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 9, 1973—DECIDED MAY 10, 1973. —
REHEARING DENIED MAY 24, 1973.

*Lionel E. Drew, Jr., Drew, Hendrix & Shea,* for
appellant.

*Andrew J. Ryan, Jr., District Attorney, Andrew J. Ryan,
III, Harvey Weitz, Arthur K. Bolton, Attorney General,
Courtney Wilder Stanton, Dorothy T. Beasley, Assistant
Attorneys General, David J. Bailey, Deputy Assistant
Attorney General,* for appellee.