## 51849. ROGERS v. THE STATE.

Bell, Chief Judge.

Defendant was tried for murder but was convicted of voluntary manslaughter. He appeals. *Held:*

1. Two enumerations of error assert that the court

erred in not permitting defendant to cross examine "witnesses about the deceased's reputation for violence"; and by refusing to allow cross examination of "witnesses that the deceased had a reputation for a particular type of violence, namely, a reputation for shooting people with a gun." The single reference in the brief to the transcript of evidence where these alleged errors occurred reflects that in one a witness was not permitted to testify that the deceased had discharged a firearm in her presence in a motel room. The trial court would not allow this evidence for the correct reason that reputation or character for violence cannot be established by specific acts. *Black v. State,* 230 Ga. 614 (3) (198 SE2d 314). Defendant has not cited any other portion of the transcript where any other error of this description occurred. No error has been shown.

2. Defendant was not permitted to testify as to what was the reputation of the deceased for violence. As defendant did not show a preliminary foundation for the admission of this testimony that he had previously known the defendant for any length of time, the trial court correctly excluded the testimony. *Powell v. State,* 101 Ga. 9 (1a) (29 SE 309).

3. Defendant complains in his final enumeration that the court erred in failing to charge the court to the effect that the burden of proof did not shift from the state to the defendant when the defendant testified. There was no written request to charge. In the absence of a written request to charge we cannot hold that error was committed. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354). It now appears that in criminal cases especially it is most important for a defendant's requests to charge to be in writing.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

ARGUED MARCH 8, 1976 — DECIDED APRIL 6, 1976 — REHEARING DENIED MAY 7, 1976 —

*Robert E. Sigal,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet,*

554

*Carole E. Wall, Assistant District Attorneys,* for appellee.