## 33397. CURTIS v. THE STATE.

HALL, Justice.

In September, 1977, Curtis was convicted and sentenced to life imprisonment for the murder of Omar Hasan Ali (formerly named John Lewis Wiley).

The evidence tended to show that Curtis asked Wiley for payment owed for a shotgun, and got no payment but instead was threatened with "a quick killing." At the time, the parties were outside the house in which Wiley resided, and Wiley, who was known by Curtis to jog almost every day, was dressed only in tennis shoes, loose legged running shorts, and a headband. Curtis returned to his nearby home, picked up his half-brother's shotgun and ammunition, and proceeded by an indirect way to the neighborhood of Wiley's house. Curtis' testimony was that he saw Wiley running or jogging toward him (and also back toward Wiley's house), and that Wiley again promised him a quick killing, and seemed to reach his hand into the waistband of his shorts and jumped into some very tall weeds and was on his knees. Curtis ran toward him, loading the shotgun as he ran, and shot into the bushes. Wiley died quickly, with a 2-inch hole in his chest. He was dressed as he had been earlier. He was bare to the waist. His shorts were known by Curtis to be loose legged and to have no pockets. There was no other place a gun could have been concealed on him. No gun or other

weapon was found on or around the body. The medical evidence estimated the shot had been fired from a distance of only two to four feet from the body, and the trajectory was a 45° angle downward through the chest.

Curtis' sole defense was justifiable homicide. He attempted without success to introduce evidence that Wiley had a reputation in the community for shooting people. His testimony was that he obtained the shotgun for his defense because he feared Wiley; he was actually running away when he ran toward Wiley's house; when Wiley came running or jogging up and put his hand in his shorts, Curtis feared Wiley had a gun and was jumping into the bushes to shoot him; and so Curtis advanced and fired rather than running away because he feared he would be shot in the back.

The jury apparently believed the state's construction of events which indicated a revenge killing, and convicted Curtis of murder. He raises two enumerations of error on appeal.

1. Curtis first contends that the court erred in refusing to allow him to introduce evidence that the victim was a person of violent and turbulent character with a reputation for shooting people. He relies on the theory of *Henderson v. State,* 234 Ga. 827, 829 (218 SE2d 612) (1975).

A deceased's reputation for violence is admissible only when there has been a prima facie showing that three elements are present: that the deceased was the assailant; that deceased assailed defendant; and that defendant was honestly seeking to defend himself. *Henderson v. State,* supra; *Black v. State,* 230 Ga. 614, 615 (198 SE2d 314) (1973); *Campbell v. State,* 222 Ga. 570, 573 (151 SE2d 132) (1966).

Curtis argues that a prima facie case was shown by his testimony that Wiley threatened him and seemed to reach into the waistband of his shorts. The trial judge necessarily had to consider this testimony together with the evidence of the victim's attire; the medical evidence that the victim was shot at close range; and Curtis' own testimony that he ran forward, loading as he went, and made no effort to avoid an encounter. On these facts, the trial court did not err in ruling that it had not been shown

prima facie that Wiley assailed Curtis, and therefore a case had not been made out for introducing evidence of the victim's character.

2. The court charged the jury on justifiable homicide. On appeal, Curtis argues that a justifiable homicide charge in certain specific words should have been given. No request was made at trial for such a charge, and since the instruction given was adequate, no error is shown. Curtis erroneously relies upon *Witt v. State,* 231 Ga. 4 (200 SE2d 112) (1973), which was overruled in *Lavender v. State,* 234 Ga. 608 (216 SE2d 855) (1975).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 17, 1978 — DECIDED APRIL 3, 1978.

*Charles M. Williams,* for appellant.

*Charles Crawford, District Attorney, Arthur K. Bolton, Attorney General, James L. Mackay, Assistant Attorney General,* for appellee.