## 39265. ANDERSON v. THE STATE.

MARSHALL, Presiding Justice.

The appellant was convicted of murder and possession of a firearm by a convicted felon. For the murder conviction, he was sentenced to life imprisonment, and for the possession conviction, he was sentenced to a concurrent term of five years. He appeals, arguing that the evidence is insufficient to support the verdict and that the trial judge erred in failing to allow defense counsel to submit evidence of the victim's reputation for violence. For reasons which follow, we find these arguments to be without merit. We therefore affirm.

The victim, Ernest White, Jr., was discovered lying on the ground near the Westside Grocery in Fitzgerald, Georgia, with a bullet wound in the head. A witness testified that he heard two gunshots from the vicinity of the grocery store and then saw a two-tone pickup truck leave the area.

The appellant's employer testified that he had loaned the appellant his two-tone pickup truck at the time of the killing. He further testified that, when the appellant returned the truck, he said that he had killed a man.

The appellant made the following statement to police, which was admitted at trial: He suspected the victim of having an affair with his wife; he observed the victim go into the Westside Grocery, and he, the appellant, drove into the parking lot; when he saw the victim exit, the victim was carrying a bag, which he changed from his left hand to his right hand; the victim appeared to be reaching for his pocket; the appellant then shot him twice.

At trial, the appellant testified that, when the victim reached into his pocket, he was afraid the victim was going to shoot him. The appellant further testified that the victim had told the appellant that if the appellant ever confronted him again, he would be killed.

1. The evidence was more than sufficient to authorize the jury in rejecting the appellant's claim of self-defense and convicting him of murder.

2. " 'Generally, the character of the victim in a murder trial is

inadmissible. *Henderson v. State,* 234 Ga. 827 (1) (218 SE2d 612) (1975); Code Ann. § 38-202.' *Smith v. State,* 247 Ga. 453, 455 (276 SE2d 633) (1981). The victim's general reputation for violence has been held to be admissible only when the defendant makes a prima facie showing that the victim was the aggressor; that the victim assaulted defendant; and that defendant was honestly seeking to defend himself. *Curtis v. State,* 241 Ga. 125, 126 (1) (243 SE2d 859) (1978); *Milton v. State,* 245 Ga. 20, 22 (262 SE2d 789) (1980). In order to prove that the deceased had a 'general reputation for a specific type of violence,' these three criteria must be met. *Henderson v. State,* 234 Ga. 827 [supra, p. 828 . . .]." *Cooper v. State,* 249 Ga. 58, 61 (287 SE2d 212) (1982).

The appellant failed to make such a prima facie showing here, and the trial judge did not err in refusing to admit the proffered evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 4, 1983.

*A. Frank Grimsley,* for appellant.

*Gary C. Christy, District Attorney, Richard E. Thomas, Assistant District Attorney, Michael J. Bowers, Attorney General, Nicholas G. Dumich, Assistant Attorney General,* for appellee.