## 75088. BRIDGES v. THE STATE.
### (362 SE2d 113)

DEEN, Presiding Judge.

Appellant Bridges was convicted of voluntary manslaughter in connection with the stabbing death of his brother-in-law. The extended family had gathered in Terrell County, Georgia, for the funeral of a family member. Prior to the funeral service appellant and the stabbing victim became embroiled in a fight in the kitchen of the relative with whom they were staying. One of the relatives present separated the two, took the knife over which they were struggling, and laid it on the kitchen table. The two combatants went their separate ways about the premises, but a short while later the victim allegedly came into the room where appellant was and made a taunting remark regarding the possibility of appellant's killing him. Again they went in different directions, but only shortly thereafter, according to witnesses' testimony, appellant walked into the living room and announced that he had just stabbed his brother-in-law. The relatives found the victim slumped in a bedroom chair, dead. Appellant made no attempt to leave the premises but, when law enforcement personnel arrived, showed them the lethal weapon, the same kitchen knife, lying in a pan of dishwater.

Upon being taken to the sheriff's office, appellant was read his *Miranda* rights and a waiver of rights, affirmed that he understood them, signed the waiver, and stated that he was willing to talk without an attorney present. A clerical employee took down Bridges' oral account of the killing, as outlined supra, and read it back to him, asking him at the end if it were correct or needed any additions or changes. According to the testimony at trial — Bridges' own as well as that of the law enforcement officers — he affirmed the correctness and completeness of the statement and signed it. During this same time period he also executed forms requesting appointment of an attorney to represent him.

According to the record, appellant testified that he gave his statement willingly; he contends, however, that it nevertheless should not have been admitted into evidence because it was made after he had requested appointment of an attorney. Two of the three law enforcement personnel present during these activities testified that the request for an appointed attorney was not made until after appellant

had signed the waiver and had dictated and signed the statement. The third law enforcement person could not recall with certainty the sequence of the events.

At trial appellant attempted to introduce evidence of the victim's reputation for violence. The trial court sustained the State's objection and would not permit introduction of evidence on this point. On appeal Bridges enumerates two errors: (1) that the trial court erred in sustaining the State's objection to the proffered evidence of the victim's reputation for violence; and (2) that the court erred in admitting the custodial statement because, he alleges, it was made after he had requested that an attorney be appointed. *Held*:

Our examination of the extensive record in the instant case, including the two-volume transcript, indicates that there is no merit in either of appellant's enumerations. Under *Curtis v. State*, 241 Ga. 125 (243 SE2d 859) (1978), at 126 et seq., evidence regarding the victim's reputation for violence is admissible "only when there has been a prima facie showing [by the defendant] that three elements are present: that the deceased was the assailant; that deceased assailed defendant; and that defendant was honestly seeking to defend himself." Compare *Milton v. State*, 245 Ga. 20 (262 SE2d 789) (1980), in which the accused testified that his victim had made prior threats and assaults against him, and that he shot her because he thought she was reaching into her purse to get a pistol. In the instant case appellant did not claim that the victim came after him with a weapon (or what might have appeared to be a weapon); he made no showing of any of the three elements prescribed in *Curtis*, supra. The testimony of none of the witnesses lends any shred of support to his contention that he acted in self-defense.

As to the admissibility of the custodial statement, appellant's contention as to the sequence of the signing of the waiver, the statement, and the request for appointment of an attorney is unsupported by any testimonial or documentary evidence. The transcript reveals that the jury was fully and correctly charged on this point.

Neither of appellant's enumerations is meritorious.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 15, 1987.

C. Truitt Martin, Jr., for appellant.
Charles M. Ferguson, District Attorney, for appellee.